Dominic Meyer, Plaintiff-Appellant, *v.* The County of Madison *et al.*,
Defendants-Appellees.

(No. 71-8; )

Fifth District—August 22, 1972.

Meyer & Meyer, and Baltz, Guymon & Jennings, both of Belleville, (George R. Ripplinger, Jr., of counsel,) for appellant.

Frank R. Hudak, of Collinsville, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals the trial court's dismissal of his complaint upon defendants' motion and a finding that there are not sufficient specific allegations of fact to establish a real controversy, that an appeal was pending between the same parties involving the same subject matter and law, and that a declaratory judgment is not a proper remedy considering the pleadings, law and pending appeal.

Plaintiff's action sought a declaratory judgment against the county which had passed a zoning ordinance zoning plaintiff's property as residential with certain accessory uses. Previously, it appears from the complaint, the plaintiff had applied for an amendment to the zoning ordinance changing the classification of his land to a highway business zone and to give a special use permit for the operation of a trailer park. A hearing was had under the zoning ordinance by the zoning board of appeals which recommended allowing the change, but following the report of the zoning board of appeals, the Board of Supervisors did not amend the ordinance. Plaintiff filed a complaint for review under the Administrative Review Act; the trial court dismissed the complaint for review under the Administrative Review Act; the trial court dismissed the complaint for administrative review and an appeal was taken to this court. The cause was in this position when the order dismissing plaintiff's complaint for declaratory judgment, the subject of this appeal, was entered by the trial court. Subsequently, the plaintiff dismissed his appeal of the administrative review action in this court so that this court has not passed upon the prior appeal. The appeal here questions the propriety of the dismissal of the complaint for a declaratory judgment and is brought here by the plaintiff.

The appeal sufficiently brings into issue the correctness of the trial court's action. We affirm.

■■ The trial court's dismissal of the instant action came during the pendency of the appeal of the administrative review action. The trial court's order of dismissal contained a recital that "An appeal by plaintiff

under the Administrative Review Act is now pending in the Appellate Court of Illinois, Fifth District, which involves the same parties, subject matter and law as are involved in the instant action." The same order made a finding that "declaratory judgment is not the proper remedy here considering the pleadings and law and the related prior and pending litigation involved." From these findings we may presume that the trial court was not deciding that the prior case was *res judicata* but, rather, that it was exercising its permissible discretion to deny a declaratory judgment to plaintiff for the reason that a similar case was pending. We do not perceive the court's dismissal of the instant action to have been a decision on the merits of the declaratory judgment action.

■■ In the earlier case, the plaintiff sought administrative review of the action of the County Board in failing to amend the ordinance. But the failure of the zoning authority to amend the ordinance even after a hearing is not a matter which can be reviewed by administrative review. It is manifest from *Village of Justice v. Jamieson*, 7 Ill.App.2d 113, 129 N.E.2d 269; *Stemwedel v. Village of Kenilworth*, 14 Ill.2d 470, 153 N.E.2d 79; *Traders Development Corp. v. Zoning Bd. of Appeals of Peoria County*, 20 Ill.App.2d 383, 156 N.E.2d 274; *Camardo v. Village of La Grange Park*, 61 Ill.App.2d 302, 210 N.E.2d 16, that the failure of a legislative agency (city or county) to allow an amendment to its zoning ordinance is not an administrative but, rather, is a legislative determination and is not to be reviewed upon the record.

■■ However, at the time the plaintiff was asking for a declaratory judgment in this suit, he was taking an appeal on the contention that the trial court erred in dismissing his review under the Administrative Review Act. In this situation, if the plaintiff had been successful in his appeal, the declaratory judgment suit might have become moot. Since there appears to be a measure of discretion in the trial court, the trial judge could have, and perhaps did exercise his discretion not to allow the declaratory judgment at that particular time because elements of the same controversy were being presented in the pending appeal by the same plaintiff. As is pointed out in section 57.1 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 57.1), "The court *may*, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, * * *." (Emphasis supplied.) This has been interpreted as giving a discretion to the trial court to decide whether to enter a declaratory judgment in a given instance. The discretion is not one to entertain the action but to enter or decline to enter the judgment or decree. (*Salem National Bank v. City of Salem*, 47 Ill.App.2d 279, 198 N.E.2d 137; *State Farm Mutual Auto. Insurance Co. v. Morris*, 29 Ill.App:2d 451, 173 N.E.2d 590; *Wolf v. Solem*, 26 Ill.App.2d 262, 167 N.E.2d 820.) One way

of exercising this discretion is to dismiss the complaint if it appears from the face of the complaint that there has accrued another existing and well-recognized form of action. (*Goldberg v. Valve Corp. of America,* 89 Ill.App.2d 383, 233 N.E.2d 85.) Another ground for dismissal is that the question involved in the declaratory judgment action is moot. *Burgard v. Mascoutah Lumber Co.,* 6 Ill.App.2d 210, 127 N.E.2d 464.

In the latter case we pointed out "But if an actual controversy is disclosed and is adjudicated by the court, whether upon a demurrer or motion or otherwise, the suit should not be dismissed; the proper practice is for the court to enter an order declaring the rights of the parties as was done in this case. Obviously, to avoid needless duplication, this rule is especially necessary where factual issues have been litigated and decided."

■■ Under the issues as they are presented to us, however, if the court finds that a declaratory judgment should not be rendered on the merits because another action is pending before the court involving the same issues, we can see no useful purpose to proceeding first to hearing and then at the conclusion of the evidence announcing that no relief should be granted based upon a discretion which would have been exercised upon the facts from the time the complaint and motion were filed. Accordingly, the granting of a motion to dismiss is a proper method of procedure for the purpose of exercising the discretion as aforesaid. Since the trial court chose not to allow declaratory judgment because of the pendency of another suit between the parties, this use of the statutory power to decline does not operate as an adjudication under Supreme Court Rule 273. Neither does this opinion adjudicate the merits of possible constitutional questions.

■■ The trial court was, however, clearly erroneous in stating that a contoversy sufficient to permit declaratory judgment did not exist between the parties. See *Exchange National Bank of Chicago v. Cook County,* 6 Ill.2d 419, 129 N.E.2d 1, where Cook County declined to follow the recommendation of its appeal board to rezone and plaintiff brought a declaratory judgment action. The Supreme Court said:

"Such a dispute is most certainly an actual controversy susceptible of a judicial determination. It calls, not for an advisory opinion on a hypothetical basis, but for an adjudication of present rights. * * * We conclude that a challenge of a zoning classification which, of necessity, puts in issue the question of whether the exercise of the police power is paramount to the rights of the individual, presents a real, substantial and actual controversy."

Because of the conclusion at which we have arrived, it is not necessary to consider the other issues in this case.

Should there be further litigation between the parties, the complaint may be different in its allegations. Therefore, we need not decide the very serious question of whether the complaint states a cause of action by reason of the absence of factual allegations sufficiently showing injury to the property interests of the plaintiff.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.