COLES-MOULTRIE ELECTRIC COOPERATIVE, Plaintiff-Appellant, *v.* THE CITY OF CHARLESTON *et al.,* Defendants-Appellees.

(No. 11764;

Fourth District—November 15, 1972.

Sims and Grabb, of Mattoon, for appellant.

William J. Scott, Attorney General, of Chicago, S. John Muller, of Charleston, Dilsaver, Gilkerson & Spitz, of Mattoon, and Nafziger & Otten, of Springfield, (Peter A. Fasseas, Special Assistant Attorney General, and James R. Sullivan, Assistant Attorney General, of counsel,) for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-Appellant Coles-Moultrie Electric Cooperative, a Corporation, appeals from an order of the trial court dismissing its complaint for declaratory judgment. The defendant-appellees are the City of Charleston, Central Illinois Public Service Company, hereinafter referred to as "CIPS" and the Illinois Commerce Commission.

On June 20, 1967, the city counsel of the City of Charleston adopted an ordinance No. 67-0-17 and granting to the plaintiff Coles-Moultrie a franchise to construct and operate an electric power system across the streets and alleys and other public places within certain areas of the city. Section 3 of the ordinance provided that "with reference to all territory hereafter annexed to the city, there is reserved to the city council and its successor council, the right to determine and designate whether grantee or some other supplier of electrical energy shall be permitted to serve in such areas * * *".

Section 10 of the ordinance provided that "* * * no right, privilege, authority provided for by this ordinance shall become effective until there shall have been filed with the city clerk of the City of Charleston, the written acceptance of said ordinance by the Coles-Moultrie Electric Cooperative. Such acceptance shall be so filed within thirty (30) days from the date on which this ordinance shall take effect and when so filed it * * * constitute an additional consideration for the rights, privileges, authority and franchise hereby granted."

On December 22, 1969, the city council of Charleston adopted ordinance No. 69-0-39 which annexed certain territory to the City of Charleston and the ordinance further provided that "* * * no right, privilege,

authority and franchise granted to Coles-Moultrie Electric Cooperative by said ordinance No. 67-0-17 shall extend to any of the territory hereby annexed; (b) Coles-Moultrie shall not be permitted to provide electric service in the territory hereby annexed; and (3) CIPS Co. shall be permitted to provide the electric services in the territory hereby annexed."

It is these sections of the two ordinances of the City of Charleston which give rise to the controversy among the parties.

On February 6, 1970, Coles-Moultrie filed a complaint with the Illinois Commerce Commission alleging that the plaintiff was entitled under the provisions of the Electric Suppliers Act (Ill. Rev. Stat. 1969, ch. 111⅔, sec. 405), to furnish electric services to the Trailmobile Division of Pullman, Inc., which were the premises annexed to the City of Charleston by the said ordinance 69-0-39. Appellee CIPS was the defendant in the plaintiff's complaint before the Illinois Commerce Commission. On April 23, 1970, CIPS filed a motion with the Illinois Commerce Commission seeking dismissal of the complaint of Coles-Moultrie on the basis that said ordinance 67-0-17, upon acceptance by Coles-Moultrie, became a contract between the City of Charleston and Coles-Moultrie, and that the Commission had no jurisdiction to adjudicate the rights of the parties arising under the ordinance.

Hearings in the proceeding before the Commission were held on March 12, 1970, April 13, 1970, and September 14, 1970. The cause is still pending before the Commission.

On May 1, 1970, the plaintiff Coles-Moultrie filed its complaint for declaratory judgment in the Circuit Court of Coles County. In its complaint Coles-Moultrie prayed that the court determine the validity of ordinance 69-0-39 and thus determine whether the City of Charleston was possessed of authority to empower CIPS to provide electric service to the annexed territory. To this extent the issue pending before the Commerce Commission was identical to that presented in the complaint for declaratory relief. On June 3, 1970, the City of Charleston asked, and was granted, for leave to intervene in the proceedings before the Illinois Commerce Commission asserting that the motion to dismiss filed therein by CIPS had raised the issue of the power of the City by ordinance to determine electric service rates.

■■ On June 17, 1970, CIPS filed a motion in the Circuit Court to dismiss the complaint for declaratory judgment on the basis that there was pending before the Illinois Commerce Commission a case involving essentially the same issues and parties as were involved in the action for declaratory judgment, including the issue of the right and power of the City of Charleston to enact ordinance 69-0-39 and also arguing that the action for declaratory judgment would not terminate in whole or in part

the controversy between the parties pending before the Commission. The City of Charleston filed a motion to dismiss the complaint for declaratory judgment also urging that the proceedings pending before the Illinois Commerce Commission involved essentially the same issues and parties as involved in the declaratory judgment suit including among said issues the authority of the City of Charleston to enact ordinance 69-0-39. That the declaratory judgment would not terminate the controversy between the parties and additionally asserting that Coles-Moultrie by reason of its acceptance of franchise under ordinance 67-0-17, was estopped from repudiating the conditions of the ordinance. On July 1, 1970, the attorney general of the State of Illinois, filed a motion to dismiss the declaratory judgment action on behalf of the Illinois Commerce Commission asserting that no controversy existed between Coles-Moultrie and the Commission and that the complaint constituted a collateral attack on the jurisdiction of the Commission and that the proceeding was barred because of the failure of the plaintiff to exhaust its administrative remedies. On October 7, 1971, the trial judge dismissed the complaint for declaratory judgment without stating any reasons. It would have been most appropriate and helpful to counsel and to this Court had he done so.

■■■ Ill. Rev. Stat. 1969, ch. 110, sec. 57.1, provides that "The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgment, * * *". Under the statute the word "may" is not mandatory and the trial judge has discretion in deciding whether to enter a declaratory judgment in the particular case. The discretion is to enter or decline to enter the judgment. (*Salem National Bank v. City of Salem*, 47 Ill.App.2d 279, 198 N.E.2d 137; *Wolf v. Salem*, 26 Ill.App.2d 262, 167 N.E.2d 820; *Meyer v. County of Madison*, 7 Ill.App.3d 289, 287 N.E.2d 159; *Bathe v. Stamper*, 75 Ill.App.2d 265; 220 N.E.2d 641.) "One way of exercising this discretion is to dismiss the complaint if it appears from the face of the complaint that there has accrued another existing and well-recognized form of action". (*Goldberg v. Valve Corp. of America*, 89 Ill.App.2d 383, 233 N.E.2d 85; *Meyer v. County of Madison*, 7 Ill.App.3d 289, 287 N.E.2d 159.) Dismissal of the complaint is an appropriate method of declining to grant declaratory relief. (*State Farm Mutual Automobile Insurance Co. v. Morris*, 29 Ill.App.2d 451, 173 N.E.2d 590; *Bathe v. Stamper*, 75 Ill.App.2d 265, 220 N.E.2d 641.) The issues sought to be determined in the action for declaratory judgment are, and were, pending before the Illinois Commerce Commission and we find no abuse of discretion in the refusal of the trial court to grant declaratory relief under these circumstances and the judgment is therefore affirmed.

The plaintiff argues that the effect of the trial court's refusal to grant

declaratory relief denies it the only forum with jurisdiction to determine the effect of the ordinances in question. We disagree. First, that very question is before the Illinois Commerce Commission on the motion of CIPS and the Commission's ruling is subject to review. Secondly, should it be determined that the Commission does not have authority to pass upon the ordinances, plaintiff would not be precluded from seeking a determination in the courts. The trial court, in declining to grant declaratory relief, did not pass upon the merits of plaintiff's contentions.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.