NORMAN M. SCHLOSSBERG, Plaintiff-Appellant, *v.* E. L. TRENDEL & ASSOCIATES, INC., Defendant-Appellee.

First District (2nd Division)   No. 77-1059

Opinion filed August 22, 1978.

Haft, Davis, Shapiro & Haft, of Chicago (Morris A. Haft, of counsel), for appellant.

Herrick, McNeill, McElroy & Peregrine, of Chicago (Ray W. Fick, Jr., of counsel), for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Plaintiff, Norman M. Schlossberg, appeals from an order of the circuit court of Cook County, dismissing with prejudice his complaint for declaratory judgment. The one-count complaint alleges that on April 26, 1966, the defendant, E. L. Trendel & Associates, Inc., agreed to sell certain parcels of real estate for the price of $435,000 in accordance with the terms of certain written agreements. Subsequently, the right to purchase the real estate under these agreements was assigned to the plaintiff. On January 15, 1970, the plaintiff and his joint adventurer, now deceased, entered into a written agreement wherein they agreed to sell certain parcels of said real estate to a third party purchaser.

The complaint further alleges that in the first part of April 1970, all monies required to be paid to defendant were tendered to it; that defendant refused to accept the tender and demanded that it be paid the sum of $30,000 in addition to the monies actually due; that defendant was advised that plaintiff had entered into the January 15, 1970, agreement, which by its terms required that the lots were to be conveyed into a trust and the plaintiff was to deliver to the purchaser on or before 90 days after execution of the contract, a Chicago Title and Trust Title Commitment showing title to the lots in the trustee; that upon plaintiff's failure to carry out the terms of the agreement, the purchaser could declare that plaintiff was in default and the agreement would become null and void, and plaintiff would suffer the loss of large amounts of money and would be liable to the purchaser in an action for damages; that defendant was apprised of the foregoing, yet persisted in demanding the additional money; that the demands so made by the defendant constituted severe acts of moral or business duress; that in order to complete the sale of lots to the purchaser, the plaintiff, on April 24, 1970, paid to the defendant all monies due it in accord with the terms contained in the agreements, and to avoid a great loss and to avoid suffering irreparable injury, the plaintiff paid over to the defendant the sum of $13,000 to which it was not entitled; that upon payment to the defendant of said sums, the lots were released and plaintiff was able to consummate its transaction with the purchaser; and that at the time of making payment to the defendant of $13,000, the parties executed a mutual release. In his prayer for relief, plaintiff requested that defendant be determined and adjudicated guilty of moral and business duress, and that the court enter declaratory judgment that on account of the moral and business duress so exercised by the defendant, it should be required to repay to the plaintiff the sum of $13,000 plus interest.

Defendant filed a motion to dismiss the complaint which was subsequently dismissed with prejudice. The motion alleged that the complaint was an improper application for declaratory judgment since there was no actual controversy between the parties, it did not seek to avoid litigation, it did not seek to settle and fix rights before there had been an irrevocable change of position of the parties, and that it was an attempt to execute on claimed rights as opposed to declaring what right there may be. The motion also alleged that the concept of "moral and business duress" was without foundation at law or equity.

■■ The first issue to be resolved is whether plaintiff's complaint was properly dismissed for failure to state a cause of action for declaratory relief under section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57.1). This court has recently discussed the applicability of section 57.1 in *Gagne v. Village of LaGrange* (1st Dist. 1976), 36 Ill. App. 3d 864, 866, 345 N.E.2d 108:

> "Declaratory judgment is a remedy created by statute (section 57.1; *Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 299, 94 N.E.2d 139) for the purpose of declaring the rights of the involved parties before the accrual of an actual claim (*Charleston National Bank v. Muller* (4th Dist. 1974), 16 Ill. App. 3d 380, 382, 306 N.E.2d 358) or before an irrevocable change in the relationship of the parties has taken place. (*Charleston National Bank; LaSalle Casualty Co. v. Lobono* (1st Dist. 1968), 93 Ill. App. 2d 114, 117, 236 N.E.2d 405.) This court has, on previous occasions, noted that this remedy differs from others in that its chief purpose is to declare rights rather than execute them. *LaSalle Casualty Co.*"

Defendant, relying on *Gagne v. Village of LaGrange,* argues that plaintiff's complaint does not state a cause of action for declaratory judgment since it involves rights which have already accrued rather than rights needing to be declared. No continuing legal relationship exists between the parties, as the contract has been fully executed. Furthermore, the complaint does not raise any issues regarding the interpretation of the contract. The only question raised by the facts alleged is whether moral or business duress occurred entitling plaintiff to restitution of $13,000. Defendant argues that plaintiff could have filed a complaint at law on a theory of implied contract or tort for the recovery of the additional monies paid, but chose not to do so.

Plaintiff responds that an action for declaratory judgment is not precluded by the availability of other relief. The declaratory judgment provision was never intended to "supplant" other remedies (see generally *Albright v. Phelan* (1st Dist. 1971), 2 Ill. App. 3d 142, 276 N.E.2d 1), and the mere existence of another adequate remedy does not mandate the dismissal of a declaratory judgment action. (*Albright; American Civil*

*Liberties Union v. City of Chicago* (1954), 3 Ill. 2d 334, 121 N.E.2d 585.) However, the existence of another adequate remedy can constitute sufficient grounds for dismissal at the trial court's discretion. *Coles-Moultrie Electric Cooperative v. City of Charleston* (4th Dist. 1972), 8 Ill. App. 3d 441, 444, 289 N.E.2d 491; *Meyer v. County of Madison* (5th Dist. 1972), 7 Ill. App. 3d 289, 291-92, 287 N.E.2d 159.

The cases relied on by plaintiff are situations where the construction of a contract or agreement was involved (*Albright*; *M.F.A. Mutual Insurance Co. v. Cheek* (5th Dist. 1975), 34 Ill. App. 3d 209, 340 N.E.2d 331), or the validity and construction of a statute or ordinance was involved (*Edward P. Allison Co. v. Village of Dolton* (1962), 24 Ill. 2d 233, 181 N.E.2d 151; *Koziol v. Village of Rosemont* (1st Dist. 1961), 32 Ill. App. 2d 320, 177 N.E.2d 867), or existing and continuing legal relationships of the parties demonstrated a need for the declaration of their respective, continuing rights (*Greene v. Gust* (1st Dist. 1960), 26 Ill. App. 2d 2, 167 N.E.2d 438). The complaint at issue here does not seek to declare rights under a contract or a continuing legal relationship, but is an attempt to adjudicate whether plaintiff has a legitimate cause of action.

In the case of *Goldberg v. Valve Corp. of America* (1st Dist. 1967), 89 Ill. App. 2d 383, 233 N.E.2d 85, plaintiff commenced an action for a declaration of rights under the terms of a written contract of employment and appealed from an order striking his complaint for failure to state a cause of action for declaratory relief. The appellate court in affirming stated that the complaint did not disclose any uncertainty as to plaintiff's present and existing status under the contract. The court held that "[t]he contractual relationship having been severed, the only bona fide issue presented by the complaint was whether or not plaintiff's discharge was justified, a question reserved for a traditional action *ex contractu.*" (*Goldberg*, at 391.) In the case at bar, the only issue presented is whether defendant was guilty of moral or business duress by demanding an additional $13,000 from plaintiff. This issue could be resolved in an action for damages and it was not an abuse of discretion for the trial judge to deny declaratory relief. *Goldberg*.

The second issue raised by this appeal is whether the complaint was properly dismissed *with prejudice* (emphasis added), for failure to state a cause of action upon which any relief could be granted. This inquiry is necessitated by the rule in Illinois that a complaint is properly dismissed with prejudice only where the plaintiff is entitled to no relief on the facts alleged. *Gagne*; *LaSalle Casualty Co.*

■■ Where a person, to prevent injury to himself, his business or property, is compelled to make payment of money which the party demanding has no right to receive and no adequate opportunity is afforded the payor to effectively resist such demand, the payment is made under duress and can

be recovered. (*Illinois Merchants Trust Co. v. Harvey* (1929), 335 Ill. 284, 291, 167 N.E. 69.) The issue of duress generally is one of fact, to be judged in light of all the circumstances surrounding a given transaction. *Weather-Gard Industries, Inc. v. Fairfield Savings & Loan Association* (1st Dist. 1969), 110 Ill. App. 2d 13, 248 N.E.2d 794; *Laemmar v. J. Walter Thompson Company* (7th Cir. 1970), 435 F.2d 680.

In *Pemberton v. Williams* (1877), 87 Ill. 15, the purchaser under a contract for the sale of land had resold the land and his purchaser was demanding a deed, but his grantor would not give him a deed unless he paid more money, which he did. It was said that it was a question for the jury whether he was under moral duress for the reason that no adequate relief was afforded him to avoid the payment. In *Peterson v. O'Neill* (1st Dist. 1930), 255 Ill. App. 400, this court upheld plaintiff's recovery of money paid to defendant under duress. The complaint in *Peterson* alleged that plaintiff had contracted for the resale of the property; that the defendant was legally obligated to furnish the deed; that the defendant wrongfully demanded the plaintiff pay for the deed; that the defendant knew the plaintiff had contracted for the sale of the property; that the plaintiff protested and pointed out to the defendant that the defendant was legally obligated to furnish the deed and had received the consideration therefor, and that his demand for the additional sum was duress of property, yet the defendant demanded payment.

In *Joyce v. Year Investments, Inc.* (1st Dist. 1964), 45 Ill. App. 2d 310, 196 N.E.2d 24, however, this court upheld defendant's motion to dismiss plaintiff's action based on economic duress. In that case, the parties entered into a settlement agreement after 18 months of dispute and negotiation. We held that:

> " '[T]he real and ultimate fact to be determined in every case is whether or not the party really had a choice—whether he had his freedom of exercising his will.' 5 Williston, Contracts (Rev Ed 1937) §1603. The legal conception of economic or compulsory duress is in forcing a person to act against his own will. It does not exist when the person upon whom it had been so charged had an option or choice as to whether he will do the thing or perform the act said to have been done under duress. We think the Chancellor correctly held that the plaintiff had a choice of seeking relief from the courts." 45 Ill. App. 2d 310, 314-15.

■■ After reviewing plaintiff's complaint, we believe that it contains sufficient factual allegations to warrant an evidentiary hearing on the issue of business duress. Under the terms of the agreement between plaintiff and the subsequent purchaser, plaintiff had ninety days after January 15, 1970, to present a title policy showing title to the lots in a certain trust. Whether plaintiff was acting under business duress when it paid $13,000 to

defendant on April 24, 1970, to acquire these lots, is a question to be resolved by the trier of fact after a hearing on all the surrounding circumstances.

We note that the Civil Practice Act permits amendments on just and reasonable terms, to enable a plaintiff to sustain the claim for which it was intended to be brought. (Ill. Rev. Stat. 1973, ch. 110, par. 46(1).) In order to promote the spirit of the Act, the power to allow amendments should be freely exercised so that litigants may fully present their alleged cause or causes of action. (*People ex rel. Hamer v. Board of Education* (2d Dist. 1970), 130 Ill. App. 2d 592, 264 N.E.2d 420.) In the case at bar, plaintiff has misconstrued his remedy. However, his cause of action is not defective merely because he is not entitled to the precise relief sought, and the trial court's action in dismissing the complaint with prejudice was an abuse of discretion.

For the reasons herein stated, the judgment of the circuit court of Cook County is reversed and remanded with directions to allow plaintiff to amend his complaint to add alternative forms of relief, and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

STAMOS, P. J., and PERLIN, J., concur.