ALDERMAN DRUGS, INC., *et al.*, Plaintiffs-Appellants, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division) No. 79-609

Opinion filed December 20, 1979.

William I. Goldberg and John H. Ward, both of Antonow & Fink, of Chicago, for appellants.

Peterson, Ross, Schloerb & Seidel, of Chicago (Herbert C. Loth, Jr., of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiffs filed a class action seeking a declaratory judgment that the defendant's proposed amendment to a contract between them was void, as was defendant's termination of members of plaintiff class; that defendant was required to bargain in good faith and that all members of plaintiff class were entitled to recover damages. The trial court, while stating that the proposed amendment was void, granted the defendant's motion to dismiss the complaint. We find that the complaint stated a cause of action and reverse.

The plaintiffs are two individual drug companies, Alderman Drugs, Inc. (Alderman), and Woodbury Drug Company, Inc. (Woodbury), plus the Illinois Pharmaceutical Association (The Association). They filed a class action against Metropolitan Life Insurance Company (Metropolitan).

According to the complaint the suit was brought on behalf of the over 1000 pharmacies and pharmacists who had entered into MediMET prescription drug agreements with Metropolitan. These contracts were prepared by Metropolitan and entered into in 1969 and thereafter. The contracts consisted of two parts: the basic agreement and the MediMET prescription drug schedule for each of the Metropolitan group health insurance plans for which the contracting pharmacy acted as a participating provider. Under the agreement, when a covered employee (one belonging to a group plan insured by Metropolitan) had a drug prescription to be filled, he would take it to a participating provider (a pharmacy under a MediMET agreement). The employee paid the deductible. Metropolitan then paid the pharmacy the actual cost of the drugs plus a dispensing fee of $2.50 minus the deductible. The amount of drugs dispensed at one time, and thus for the $2.50 fee, was limited by the schedules. The MediMET Agreement drawn up by Metropolitan provided "This Agreement and the Schedule or Schedules attached hereto constitute the entire understanding between the parties and shall not be altered or amended except in writing signed by both METROPOLITAN and PARTICIPATING PROVIDER." Despite this provision, in 1977 Metropolitan unilaterally amended the Rockwell schedule (one of the schedules attached to the contract) to increase the amount of drugs dispensed for the $2.50 dispensing fee. Metropolitan threatened to terminate any pharmacist who objected to the amendment and did in fact terminate Alderman for the explicit reason that Alderman refused to sign the agreement.[1] Metropolitan has also taken the position that providers such as Woodbury who neither signed the amendment nor expressed to Metropolitan an objection to it have accepted the amendment.

The complaint further alleged that Metropolitan owed the members of plaintiff class a contractual duty of good faith and fair dealing, specifically that it had a duty not to use the termination provision of the agreement to nullify the amendment provision. Allegedly it owed this duty because, *inter alia*, through its group health insurance programs it controlled large groups of prescription drug customers and the terms and conditions under which they purchase drugs; it held an extremely superior economic position in relation to the individual members of the plaintiff class; Metropolitan induced the members of the plaintiff class to enter into the agreement and in reliance on Metropolitan's continuance of the agreements, the members of the class had invested substantial time

---

[1] The agreement provides, "This Agreement shall remain in full force and effect until terminated by either party effective upon at least thirty (30) days written notice to the other, except that METROPOLITAN reserves the right to terminate, effective upon receipt of written notice by PARTICIPATING PROVIDER, for violation of this Agreement or for other good cause."

and resources in developing good will and continuing business relationships with the employees covered by the plans.

The plaintiffs in their complaint asked the court for an order:

1. declaring that Metropolitan's proposed Rockwell amendment constitutes a breach of Metropolitan's implied contractual duty of good faith and fair dealing; was unilaterally imposed in an arbitrary, unfair and coercive manner; constitutes a breach of Metropolitan's fiduciary duty to the plaintiff class, and is void and unenforceable;

2. declaring that Metropolitan has a duty under the agreement to bargain in good faith with members or representatives of the plaintiff class with respect to proposed amendment to the agreement;

3. declaring that Metropolitan's termination of the agreements with members of the class who refused to sign the amendment are void and of no effect;

4. declaring that all members of the plaintiff class are entitled to their actual damages, plus interest, attorneys' fees and costs;

5. granting any further relief that may be just and equitable.

Metropolitan moved to dismiss the complaint because:

1. it failed to state a cause of action;

2. either Metropolitan or any participating provider who does not wish to continue under the terms offered by the defendant may terminate on 30 days' notice;

3. the complaint failed to allege facts to establish the elements of a proper class action;

4. the complaint failed to establish that all necessary parties were before the court.

After hearing arguments on Metropolitan's motion, the trial court stated:

> "Gentlemen, I have listened with care to your arguments. I do not reach the question of propriety of the class action. I do not reach the question of the propriety of the standing of the Illinois Pharmaceutical Association, an Illinois not-for-profit corporation.
>
> In the Court's opinion, this is a dispute over a contract—a contract which clearly is subject to the terms and conditions of its entire writing, that Paragraph 14 certainly says what it says, and it attempts to modify the contract by new schedules; absent acceptance of ratification would be ineffective.
>
> However, the Court also notes that the contract is terminable at will upon 30 days' notice by either party, and the Court has been asked in this complaint to enter into the marketplace, and attempt to redress an alleged imbalance in fees paid to subscribers to the agreement for the rendering of pharmaceutical prescription

services which, in turn, depend on the negotiation between insured corporations and their employees.

I do not believe that the complaint states a cause of action; accordingly, I sustain the motion to dismiss. The case is dismissed with prejudice and without costs."

### I.

■■ Metropolitan on appeal contends that the trial court's order was a declaration of the rights of the parties. We cannot agree for the simple reason that it would have been improper for the trial court to rule on the merits when all it had before it were the complaint and the motion to dismiss. The trial judge was aware of this. His ruling was not on the merits but merely stated that the complaint did not state a cause of action.

### II.

Thus, the only issue before this court is whether the complaint, liberally construed in favor of the plaintiffs (*Mentesana v. LaFranco* (1979), 73 Ill. App. 3d 204, 391 N.E.2d 416), stated a cause of action. In making that determination, we must accept all well-pleaded facts in the complaint as true. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428; *Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.) Accordingly, we must ignore those arguments in Metropolitan's brief attempting to contradict or explain the plaintiff's allegations.

■■ ■ While it is true, as Metropolitan argues, that the court in its discretion may refuse to grant declaratory relief, the court has no discretion to refuse to entertain the action as against a motion to dismiss where the complaint states a cause of action. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428; *Meyer v. County of Madison* (1972), 7 Ill. App. 3d 289, 287 N.E.2d 159.) When confronted with a motion to dismiss, the trial court must sustain the complaint unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to some type of relief. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.) A complaint for declaratory judgment which recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights and, if desired, other legal relief, states facts sufficient to state a good cause of action. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428; *Goldberg v. Valve Corporation of America* (1967), 89 Ill. App. 2d 383, 233 N.E.2d 85.) The actual controversy requirement is meant merely to distinguish justiciable

issues from abstract or hypothetical disputes and is not intended to prevent the resolution of concrete disputes admitting of a definitive and immediate determination of the rights of the parties. *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 389 N.E.2d 529.

■■ ■ An actual controversy is present here. Metropolitan contends that the new Rockwell schedule is the only one in effect despite the failure of the plaintiffs to accept it in writing as replacing the old schedule in the contract; it further contends that those plaintiffs who failed expressly to object to the amendment are bound by it. The plaintiffs deny both contentions, claiming that the terms of the contract signed by both the plaintiffs and Metropolitan are binding on both, and that the amendment is void. Furthermore, Metropolitan is apparently contending that it has, because of the termination clause, a right to force the plaintiffs either to accept the amendment or quit. In light of this, it is clear that the case presents "a concrete dispute admitting of an immediate and definite determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300.) This is particularly true of such plaintiffs as Woodbury who have not been terminated and who need to know whether they can safely refuse to accept the amendment. After all, one of the purposes of the Act is to afford security and relief against uncertainty and to fix rights before there has been an irrevocable change of position of the parties. (Ill. Ann. Stat., ch. 110, par. 57.1, Historical and Practice Notes to the Civil Practice Act, at 128 (Smith-Hurd 1968).) But even as to Alderman, the fact that it has been terminated does not prevent it from seeking a determination of its rights under the contract. *Albright v. Phelan* (1971), 2 Ill. App. 3d 142, 276 N.E.2d 1.

■■ Metropolitan further contends that the complaint was properly dismissed because the plaintiffs were not entitled to any relief. But as is clear from what we have stated, at the very least the plaintiffs are entitled to a construction of the contract and their rights under it, including the validity of the Rockwell Amendment. No action is open to objection on the ground that only a declaration of rights is sought and a court may in cases of actual controversy make binding declarations of rights having the force of final judgments whether or not any consequential relief is, or could be, claimed. (Ill. Rev. Stat. 1977, ch. 110, par. 57.1.) It is possible, of course, that the plaintiffs are entitled to more.

■■ It appears that the trial court dismissed the complaint because the plaintiffs had another remedy, namely they could terminate the contract. But it seems well established in this state that the existence of another remedy does not preclude declaratory relief. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252; *Kupsik v. City of*

*Chicago* (1962), 25 Ill. 2d 595, 185 N.E.2d 858; *Baughter v. Walker* (1977), 47 Ill. App. 3d 573, 362 N.E.2d 410; *Albright v. Phelan* (1971), 2 Ill. App. 3d 142, 276 N.E.2d 1.) This is true even though the plaintiff could sue for breach of contract. (*Albright v. Phelan* (1971), 2 Ill. App. 3d 142, 276 N.E.2d 1.) It would make little sense to say that the plaintiffs cannot seek declaratory relief because they can always terminate the contract, when the very issue here is whether the defendant can avoid the contract provisions limiting modification by forcing the plaintiffs to terminate the agreement or by terminating it itself.

### III.

Finally, Metropolitan contends that the complaint does not state the proper elements of a class action. The trial court declined to rule on this question and so must we since the facts before us are insufficient for this court to render a decision. We note, however, that even if there is a conflict of interest between Woodbury and Alderman on the one hand and the rest of the class on the other, it is not clear that the conflict would affect the determination of the basic issue involved. (Compare *Ross v. City of Geneva* (1978), 71 Ill. 2d 27, 373 N.E.2d 1342.) Likewise, it is not clear from *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298, whether the Association may sue on behalf of its injured members. Certainly, contrary to Metropolitan's contentions, there are issues of law or facts common to the class: whether the amendment is valid and enforceable absent written acceptance and whether Metropolitan can terminate nonconsenting members. Likewise, while Metropolitan contends that the complaint fails to show that the members of the class are so numerous that joinder would be impracticable since, it contends, it is unlikely that many pharmacists would want to join the suit, this is purely a matter of speculation on its part. As we pointed out earlier, Metropolitan, in failing to answer the complaint and in moving to strike, admitted well-pleaded facts. Finally, Metropolitan contends that the class action is inappropriate because there was no "wrong" committed by it against the purported class. This, however, is precisely the question which the trial court must decide on remand.

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.