OUTBOARD MARINE CORPORATION, Plaintiff-Appellant, v. JAMES CHISHOLM & SONS, INC., Defendant-Appellee.

Second District   No. 84—0450

Opinion filed May 14, 1985.

Louis W. Brydges and James J. Babowice, both of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellant.

Richard J. Friedman, of Leoris & Cohen, of Highland Park, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff Outboard Marine Corporation's (hereafter OMC) Galesburg-based product group, Lawn-Boy, contracted with defendant James Chisholm & Sons, Inc. (Chisholm), whereby Chisholm agreed to distribute Lawn-Boy mowers in eight northern Illinois counties and Lake and Porter counties in Indiana. Unless terminated sooner by either party, the agreement specified it would expire on June 30, 1981.

In its complaint for declaratory judgment, OMC alleged Chisholm refused to acknowledge the stated termination date, refused to acknowledge a second, allegedly mutually agreed upon termination date, October 16, 1981, and also refused to acknowledge a termination date of February 20, 1982, pursuant to OMC's written 90-day notice served on Chisholm on November 20, 1981. OMC alleged in the alternative that Chisholm "claims and continues to claim that a valid Distributorship Agreement exists *** and that said Distributorship Agreement is still in full force and effect" or that "the aforesaid Distributorship Agreement was wrongfully terminated by the plaintiff OMC."

An alias summons was served on defendant's vice-president and secretary, Roger Chisholm, in Deerfield, Lake County, at 5:40 p.m. on September 23. On that same day in Knox County, Chisholm filed suit against OMC alleging breach of the 1981 Distributorship Agreement and interference with contractual relationships and prospective economic advantage. Chisholm's subsequent attempt to have OMC's declaratory judgment action dismissed under section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) and *forum non conveniens* or to have venue transferred from Lake to Knox County was denied, and Chisholm was allowed 28 days to answer.

Chisholm's suit filed against OMC in Knox County was transferred to Lake County. The suit was refiled in Lake County on or about March 1, 1983, and assigned trial No. 83 L 151.

Chisholm filed a motion to strike and dismiss OMC's complaint for declaratory judgment under section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). Therein Chisholm alleged it did not claim that the agreement "still exists or is in full force and effect," and that it claimed the agreement was breached and wrongfully terminated by plaintiff OMC no later than February 20, 1982. Shortly after Chisholm filed that motion, it filed for bankruptcy, and an automatic stay of the instant cause was entered. OMC was successful in its efforts to have the stay lifted.

Before proceedings on the declaratory judgment action were resumed, Chisholm filed a motion to dismiss under section 2—619, alleging OMC's action had become moot by reason of changed circumstances, and that there was another action pending between the parties on the same matter in the same circuit; *i.e.*, Chisholm's breach of contract suit which had been transferred to Lake County from Knox County. Chisholm's counsel's affidavit, which was appended to the motion to dismiss, alleged OMC had answered in the transferred breach of contract suit, had moved for summary judgment, and that the court had heard arguments of counsel and had taken the matter under advisement. Pending that decision, Chisholm was given leave to file an amended complaint against OMC charging it with negligent misrepresentation, wilful misrepresentation and fraud. OMC moved to strike, arguments were heard, and the matter was taken under advisement along with OMC's motion for summary judgment. By reason of the foregoing status of the transferred breach of contract suit, Chisholm's counsel alleged in the motion to dismiss that all possible issues which might have been raised in connection with OMC's suit for declaratory judgment had been effectively raised and briefed in Chisholm's breach of contract suit, and the relief requested by OMC's declaratory judgment suit would necessarily be provided by the forthcoming judgment in Chisholm's suit.

Chisholm's motion to dismiss under section 2—619 was granted, but later vacated upon OMC's motion. The order vacating the section 2—619 dismissal recited that it was entered in error and, instead, the basis for the order was Chisholm's previously filed motion to strike and dismiss under section 2—615. The order reflects the court's opinion that OMC was seeking judgment not for a declaration of its rights, but rather on a claim which had already arisen between the parties; consequently, the court found the issue in the instant cause

was not properly within the scope of declaratory judgment and could be adjudicated more fully in Chisholm's suit for damages.

OMC timely appealed and raises this sole issue:

> Whether it was an abuse of the court's discretion to refuse to entertain plaintiff's complaint for declaratory judgment by granting defendant's 2—615 motion to dismiss where the complaint sufficiently stated a cause of action for declaratory judgment.

■■ Plaintiff argues the court had no discretion to refuse to entertain its motion for declaratory judgment where the motion properly stated a cause of action, citing *Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1979), 79 Ill. App. 3d 799, and *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296. In general, plaintiff's assertion is correct. A complaint for declaratory judgment which recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights and, if desired, other legal relief, states facts sufficient to state a cause of action (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296), and although the court has discretion to grant declaratory relief, it has no discretion to refuse to entertain the action as against a motion to dismiss where the complaint states a cause of action. (*Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1979), 79 Ill. App. 3d 799.) The courts have recognized a clear distinction between the trial court's discretionary power to refuse to grant declaratory judgment even though the statute would permit a judgment under the facts, and its refusal to entertain the action as against a motion to dismiss where the complaint states a cause of action. *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 301.

Section 2—701(a) of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—701(a)) provides in part:

> "The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments ***."

In commenting on the interpretation given that discretion in section 57.1 of the Civil Practice Act (the prior codification of section 2—701), it has been stated that:

> "The discretion is not one to entertain the action but to enter or decline to enter the judgment or decree. [Citations.]" *Meyer v. County of Madison* (1972), 7 Ill. App. 3d 289, 291.

Relevant to the instant cause, the *Meyer* court found that one way the court can exercise its discretion to decline to enter a declaratory judgment is to dismiss the complaint if it appears from the face of the complaint that there has accrued another existing and well-rec-

ognized form of action, or if the question involved in the declaratory judgment action is moot. (7 Ill. App. 3d 289, 291-92.) In *Meyer*, the court affirmed the trial court's dismissal of the plaintiff's complaint for declaratory judgment. The trial court's order of dismissal contained a recital that " '[a]n appeal by plaintiff under the Administrative Review Act is now pending in the Appellate Court of Illinois, Fifth District, which involves the same parties, subject matter and law as are involved in the instant action'," and that " 'declaratory judgment is not the proper remedy here considering the pleadings and law and the related prior and pending litigation involved.' " (7 Ill. App. 3d 289, 290-91.) On the basis of those recitations, the *Meyer* court found it could presume that the trial court was not deciding that the prior case was *res judicata* but, rather, that it was "exercising its permissible discretion to deny a declaratory judgment to plaintiff for the reason that a similar case was pending." (7 Ill. App. 3d 289, 291.) Under those circumstances, the court stated it did not perceive the dismissal of the plaintiff's complaint there to have been a decision on the merits of the declaratory judgment action. Notably, the court stated:

> "[W]e can see no useful purpose to proceeding first to hearing and then at the conclusion of the evidence announcing that no relief should be granted based upon a discretion which would have been exercised upon the facts from the time the complaint and motion were filed. Accordingly, the granting of a motion to dismiss is a proper method of procedure for the purpose of exercising the discretion as aforesaid." *Meyer v. County of Madison* (1972), 7 Ill. App. 3d 289, 292; accord, *Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 444.

In a case relied on in *Meyer, Goldberg v. Valve Corp. of America* (1967), 89 Ill. App. 2d 383, 385, the plaintiff appealed dismissal of its action as "inappropriate for declaratory relief." In the course of its opinion, the *Goldberg* court noted that "[d]eclaratory judgment was designed for the single purpose of ameliorating the limited scope of available relief, caused by preexisting deficiencies in the law, by affording an additional or cumulative avenue for a judicial determination. The statute creates, accordingly, no new substantive rights." (89 Ill. App. 2d 383, 388.) The *Goldberg* court also observed the declaratory judgment action was not designed to supplant existing remedies. (89 Ill. App. 2d 383, 391.) That court examined the plaintiff's complaint, stripped of its legally deficient (*i.e.*, conclusional) and inconsistent allegations (*i.e.*, those which conflicted with exhibits at-

tached to the complaint), and found the complaint disclosed no uncertainty as to the plaintiff's present and existing status under the contract. The contract there was at an end; the contractual relationship having been severed, "the only bona fide issue presented by the complaint was whether or not plaintiff's discharge was justified, a question reserved for a traditional action ex contractu." (89 Ill. App. 2d 383, 391.) Plaintiff's complaint there sought not to have his present rights in an existing contract declared in a preventative fashion, "rather he endeavor[ed] to have them enforced and executed after the fact." (89 Ill. App. 2d 383, 392.) Accordingly, the court found the plaintiff's declaratory judgment action properly dismissed on motion where there had theretofore accrued "another existing and well recognized form of action." 89 Ill. App. 2d 383, 391.

The court's order of dismissal entered in this case does not recite that it is entered because the plaintiff's complaint failed to state a cause of action for declaratory relief. Rather, the order recites, *inter alia*, that:

> "The issue of the instant action is not properly within the scope of declaratory judgment. Plaintiff seeks judgment not for a declaration of rights, but rather on a claim which has already arisen between the parties. *** [T]he purpose of declaratory judgment is to declare rights of parties before accrual of an actual claim and here plaintiff's action fails."

The court's finding below was much like the finding in the *Meyer* case, where the court found " 'declaratory judgment is not the proper remedy here considering the pleadings and law and the related prior and pending litigation involved.' " (*Meyer v. County of Madison* (1972), 7 Ill. App. 3d 289, 291.) Chisholm's motion to dismiss here alleged that it did not claim that the distributorship agreement still existed or was in full force and effect, and that any cause of action, claim or other rights of the parties by virtue of the termination or breach of the agreement arose at the latest on February 20, 1982. Chisholm's motion further recited that it filed suit against the plaintiff for breach of agreement in Knox County on September 23, 1982. Chisholm asserts, accordingly, that the relationship created by the agreement had terminated and that fact rendered declaratory judgment improper because it was not designed to provide mere declarations of nonliability for past conduct. *Miller v. County of Lake* (1980), 79 Ill. 2d 481, 488; *Howlett v. Scott* (1977), 69 Ill. 2d 135, 143.

Plaintiff argues contrarily that the fact a contract has been terminated does not prevent a party from seeking a determination of rights under that contract, citing in support *Alderman Drugs, Inc. v. Metro-*

*politan Life Insurance Co.* (1979), 79 Ill. App. 3d 799. In *Alderman*, however, plaintiffs' class action sought a declaratory judgment that the defendant's proposed amendment to a contract between them was void, as was defendant's termination of members of the plaintiff class, that the defendant was required to bargain in good faith and that all members of the plaintiff class were entitled to recover damages. The agreement between Alderman and the defendant in that case provided:

> " 'This Agreement shall remain in full force and effect until terminated by either party effective upon at least thirty (30) days written notice to the other, except that METROPOLITAN reserves the right to terminate, effective upon receipt of written notice by PARTICIPATING PROVIDER, for violation of this Agreement or for other good cause.' " 79 Ill. App. 3d 799, 801 n.1.

The agreement also provided:

> " 'This Agreement and the Schedule or Schedules attached hereto constitute the entire understanding between the parties and shall not be altered or amended except in writing signed by both METROPOLITAN and PARTICIPATING PROVIDER.' " 79 Ill. App. 3d 799, 801.

The defendant there threatened to terminate any pharmacist who objected to its unilateral amendment of one of the prescription drug schedules which was part of the contract and did, in fact, terminate Alderman for the explicit reason that Alderman refused to sign the agreement. Other members of the plaintiff class had not yet been terminated.

The trial court there found the plaintiff's complaint did not state a cause of action and dismissed it with prejudice. The appellate court reversed, finding there was an actual controversy, to wit, whether the defendant could avoid the contract provisions limiting modification by forcing the plaintiffs to terminate the agreement or by terminating it itself. The plaintiffs there had denied both contentions of the defendant that the amended schedule was the only one in effect and that it was binding on the plaintiffs, despite plaintiffs' failure either to accept it in writing or to expressly object to it.

■ Construction of a contract is a proper subject of inquiry in a declaratory judgment action. (*Greene v. Gust* (1960), 26 Ill. App. 2d 2; *Crerar Clinch Coal Co. v. Board of Education* (1957), 13 Ill. App. 2d 208, 218.) However, there must be an actual controversy between the parties before a declaration of rights may be made. (*Exchange National Bank v. County of Cook* (1955), 6 Ill. 2d 419.) Plaintiff's com-

plaint here alleges that the contract between it and the defendant terminated—alternatively and without waiver of its position that the contract self-terminated according to its terms—on June 30, 1981, as provided in paragraph 14 of the contract, by mutual agreement on October 16, 1981, or 90 days after its November 20, 1981, written notice of termination to defendant (*i.e.,* February 20, 1982). Plaintiff's notice of termination was attached to, and incorporated within, plaintiff's complaint as Exhibit "B". In the notice, plaintiff acknowledges Chisholm's repudiation of the parties' mutual agreement to termination as of September 30, 1981. It also acknowledges Chisholm's position that the 1981 Lawn-Boy Distribution Agreement was renewed for another year because Lawn-Boy did not notify it prior to June 30, 1981, that it would not enter into a 1982 distribution agreement with it. Accordingly, although not agreeing with Chisholm's position, and "to resolve any misunderstanding," plaintiff advised Chisholm it would have the right to purchase Lawn-Boy products for 90 days from receipt of the notice.

■ It is well settled that where there is a discrepancy or contradiction between allegations in a complaint and facts as shown in an exhibit attached to and made a part of a complaint, the exhibit. will control. Exhibits attached to the complaint become part of the pleadings, and the facts stated in such exhibits are considered the same as having been alleged in the complaint. (*Mineral Resources, Inc. v. Classic Coal Corp.* (1983), 115 Ill. App. 3d 114; *Ford v. University of Illinois Board of Trustees* (1977), 55 Ill. App. 3d 744.) Factual matters in such exhibits which conflict with the allegations of a complaint negate such allegations. (*Sharkey v. Snow* (1973), 13 Ill. App. 3d 448.) Although a motion to dismiss admits all facts well pleaded as well as all reasonable inferences therefrom favorable to the plaintiff, such a motion does not admit allegations of a complaint in conflict with facts disclosed by the exhibit. (*Wilbur Waggoner Equipment Rental & Excavating Co. v. Johnson* (1975), 33 Ill. App. 3d 358.) Exhibit "B" on its face is inconsistent with plaintiff's allegation that June 30 was the termination date of the contract, since it states .therein there was a mutual agreement to termination as of September 30, a date which is mentioned nowhere in plaintiff's complaint even as one of the alternate dates of termination. Plaintiff's allegation that "defendant Chisholm claims and continues to claim that a valid Distribution Agreement exists between the parties thereto and that said Distributorship Agreement is still in full force and effect" is unsupported by any factual allegations; hence, is conclusional, and is specifically contradicted by defendant's allegation in its motion to dismiss that the

contract terminated no later than February 20, 1982, in accordance with the terms of the plaintiff's 90-day notice.

■ As awkwardly alternatively alleged by plaintiff in its own complaint, it is the defendant's claim that the contract was wrongfully terminated by OMC. Disregarding the conclusional and self-contradicted allegations of the plaintiff's complaint, it appears the plaintiff was seeking a declaration that the termination of the contract did not provide Chisholm with any cause of action against it. Such a declaration essentially would amount to legal advice or a mere advisory opinion. It is well settled that the "actual controversy" requirement was intended to distinguish justiciable issues from abstract or hypothetical disputes, thereby preventing courts from passing judgment on mere abstract propositions of law, rendering advisory opinions, or giving legal advice as to future events. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 299; *Weary v. School District No. 189* (1974), 20 Ill. App. 3d 37, 39.) The instant cause is thus distinguished from the *Alderman* case, cited by plaintiff, because the court there found an actual controversy between the parties concerning construction of the contract despite termination of one of the class plaintiffs. *Alderman* relied on *Albright v. Phelan* (1971), 2 Ill. App. 3d 142, for the proposition that even the fact a plaintiff had been terminated did not prevent it from seeking a determination of its rights under the contract. That court found, however, that an actual controversy existed as to whether the alleged contracts were entered into by the parties and as to the plaintiff's rights and defendant's obligations. (2 Ill. App. 3d 142, 147.) Therefore, it too is distinguished from the instant cause.

■ The actual controversy that must exist for a plaintiff to have standing to bring an action for a declaratory judgment must be a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. (*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 450.) In the instant case, even if the court declared the agreement had been terminated as of any of the alternative dates, such a judgment would not have amounted to a definitive determination of the parties' rights, since the defendant's claim that the plaintiff wrongfully terminated the contract would not have been resolved. Additionally, plaintiff's complaint fails to set forth any facts underlying the defendant's alleged claim which, if proved, would have allowed a definitive determination of the parties' rights.

As plaintiff argues, when confronted with a motion to dismiss, a

trial court must sustain a complaint unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to some type of relief. (See, *e.g., Gagne v. Village of La-Grange* (1976), 36 Ill. App. 3d 864.) We believe that is the case here; consequently, the court did not abuse its discretion in dismissing the complaint.

■ Plaintiff also argues that it is well established in Illinois that the existence of another remedy does not preclude declaratory relief, and that is generally correct. (See, *e.g., People ex rel. Fahner v. American Telephone & Telegraph Co.* (1981), 86 Ill. 2d 479; *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318.) However, the existence of another adequate remedy can constitute sufficient grounds for dismissal at the trial court's discretion. (*Schlossberg v. E. L. Trendel & Associates, Inc.* (1978), 63 Ill. App. 3d 939, 942; *Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 444; *Meyer v. County of Madison* (1972), 7 Ill. App. 3d 289.) It is clear from the face of the complaint here that there has accrued another existing and well-recognized form of action, to wit, defendant's claim against plaintiff for wrongful termination of the contract.

In a case which is nearly on point with the one at bar, *Charleston National Bank v. Muller* (1974), 16 Ill. App. 3d 380, the court found it was unnecessary to engage in the presumption that the trial court acted within its discretion in dismissing plaintiff's action for declaratory judgment where it found that *Goldberg v. Valve Corp. of America* (1967), 89 Ill. App. 2d 383, was dispositive of the issue. Discussing *Goldberg*, the *Charleston* court stated:

> "The court there held that whenever declaratory judgment is sought under circumstances where there is another existing remedy then available, the action may be dismissed on motion since the statute was not designed to supplant existing remedies. Here not only was there an existing remedy available to plaintiff which would have been supplanted by this action, there was an existing suit on file which plaintiff moved to have consolidated with this action. To grant the relief sought by plaintiff would be not only to supplant an existing remedy, it would, in effect, have eliminated a suit then pending." 16 Ill. App. 3d 380, 382.

Aside from the difference in the underlying facts which prompted the institution of the declaratory judgment complaint, the only distinguishing features between *Charleston* and the instant cause are that the court here did state its reasons for dismissing the complaint; the plaintiff here did not seek to have its suit and the defendant's suit for

248

wrongful termination consolidated; and the plaintiff filed its suit for declaratory judgment before defendant filed its suit for wrongful termination in Knox County, which suit was later transferred to Lake County. The record clearly shows plaintiff failed to proceed with its declaratory judgment suit until some five months after it was filed and then, it was on the exact same day defendant filed its suit against plaintiff. Despite these differences, we find *Charleston* persuasive authority for reaching a like conclusion in this case.

In sum, we conclude the trial court's dismissal of plaintiff's complaint was within its discretion, and no reversal is warranted.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

LINDBERG and REINHARD, JJ., concur.