NO. 4-02-0914

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

ROLAND MACHINERY COMPANY, an Illinois Corporation,

Plaintiff-Appellant,

v.

JAMES S. REED,

Defendant-Appellee.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Sangamon County

No. 02MR304

Honorable

Donald M. Cadagin,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In June 2002, plaintiff, Roland Machinery Company (Roland), filed a complaint against defendant, James S. Reed, seeking a declaratory judgment determining the parties' rights under a purchase agreement, pursuant to which Reed had purchased a $175,400 bulldozer from Roland.  In response, Reed filed a motion to dismiss under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2000)), alleging that Roland's complaint did not state a cause of action for declaratory relief.  Following a July 2002 hearing, the trial court granted Reed's motion and dismissed Roland's complaint.

Roland appeals, arguing that the trial court erred by dismissing its declaratory judgment action.  We reverse and remand.

I. BACKGROUND

Roland's June 2002 complaint for declaratory judgment alleged the following:  (1) Roland is in the business of selling, servicing, and repairing heavy equipment out of its facility in Springfield; (2) on August 6, 2001, Roland and Reed entered into a purchase agreement, pursuant to which Reed agreed to purchase from Roland a new Komatsu D61EX12 Crawler Dozer (the dozer); (3) sometime after August 6, 2001, the dozer was delivered from its manufacturer to Roland's Springfield facility; (4) pursuant to the terms of the purchase agreement, and as per Reed's request, Roland equipped the dozer with (a) "sweeps," (b) a fuel tank guard, and (c) a rear screen heater; (4) on September 27, 2001, Reed took possession of the dozer and paid Roland $157,078 (the balance due after adding sales tax and subtracting the value of Reed's trade-in); (5) prior to February 16, 2002, the dozer was delivered to Roland's Springfield facility for work requested by Reed; (6) on February 16, 2002, Reed inspected the dozer and re-took possession of it; (7) later that day, Reed came back to Roland's Springfield facility to return a "soft cab" that was previously installed by Roland; (8) sometime after purchasing the dozer, Reed alleged that the paint on the dozer was defective; (9) on or about March 4, 2002, Reed attempted to revoke his acceptance of the dozer; (10) on May 29, 2002, Reed demanded that the purchase be rescinded and Roland refund the entire purchase price and retake possession of the dozer; and (11) Roland denied that Reed is entitled to rescission or revocation of acceptance of the dozer.  Roland sought a declaratory judgment with respect to the rights of the parties and for such other relief as may be just and equitable.

Later in June 2002, Reed filed a motion to dismiss Roland's complaint under section 2-615 of the Code (735 ILCS 5/2-615 (West 2000)), alleging that Roland's complaint did not state a cause of action for declaratory relief because (1) it sought a declaration of nonliability for past conduct; and (2) the controversy involved rights and obligations under contract law and the Uniform Commercial Code (810 ILCS 5/1-101 through 13-103 (West 2000)), which would be asserted by Reed in an action at law and were not proper subjects for a declaratory judgment proceeding.

Following a July 2002 hearing, the trial court dismissed Roland's complaint, upon finding that Roland was seeking a judicial declaration of nonliability for past conduct, which is not a function of the declaratory judgment statute.  In October 2002, the court denied Roland's motion to reconsider.  This appeal followed.

II. ANALYSIS

A. Standard of Review

Initially, we must clarify the standard of review, which Reed erroneously describes as follows:  "The granting or denying of declaratory relief rests within the sound discretion of the trial court, and the appellant must affirmatively show an abuse of discretion."  In 
Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.
, 79 Ill. App. 3d 799, 803, 398 N.E.2d 984, 987 (1979), the First District Appellate Court discussed the appropriate standard when reviewing a trial court's dismissal of a plaintiff's complaint for declaratory judgment as follows:

"While it is true *** that the [trial] court in its discretion may refuse to grant declaratory relief, the court has no discretion to refuse to entertain the action as against a motion to dismiss where the complaint states a cause of action.  [Citations.]  When confronted with a motion to dismiss, the trial court must sustain the complaint unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to some type of relief.  [Citations.]  A complaint for declaratory judgment which recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights and, if desired, other legal relief, states facts sufficient to state a good cause of action.  [Citations.]"

We review 
de
 
novo
 a trial court's decision granting or denying a section 2-615 motion to dismiss, and we accept all well-pleaded facts in the complaint as true.  
Thomas v. Hileman
, 333 Ill. App. 3d 132, 136, 775 N.E.2d 231, 234 (2002); see also 
Beahringer v. Page
, 204 Ill. 2d 363, 369 (2003) (setting forth the 
de
 
novo
 standard of review that applies to a trial court's grant of a section 2-615 motion to dismiss a declaratory judgment action)
.  

B. Declaratory Judgments

Section 2-701(a) of the Code states, in pertinent part, as follows:

"The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract[,] or other written instrument, and a declaration of the rights of the parties interested.  The foregoing enumeration does not exclude other cases of actual controversy."  735 ILCS 5/2-701(a) (West 2000).

Our supreme court recently set forth the following general principles on declaratory judgment actions: 

"The essential requirements of a declaratory judgment action are:  (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests.  [Citations.]  

The declaratory judgment procedure allows '"'the court to take hold of a controversy one step sooner than normally--that is, after the dispute has arisen, but before steps are taken which give rise to claims for damages or other relief.  The parties to the dispute can then learn the consequences of their action before acting.'"' [Citation.]  'The declaratory judgment procedure was designed to settle and fix rights before there has been an irrevocable change in the position of the parties that will jeopardize their respective claims of right.  [Citation.]  The remedy is used to afford security and relief against uncertainty so as to avoid potential litigation.'  [Citations.]

A declaratory judgment action is purely statutory and is to be liberally construed.  However, the provisions of the statute must be strictly complied with.  [Citations.]  In interpreting the Illinois declaratory judgment statute, Illinois courts may look to the decisions of other states in interpreting the Uniform Declaratory Judgments Act (12 U.L.A. 309 (1996))."  
Beahringer
, 204 Ill. 2d at 372-73.

See also 
Eyman v. McDonough District Hospital
, 245 Ill. App. 3d 394, 396, 613 N.E.2d 819, 821 (1993) ("The central purpose of the declaratory judgment procedure is to allow the court to address a controversy one step sooner than normal after a dispute has arisen, but before steps are taken which would give rise to a claim for damages or other relief"). 

C. Actual Controversy

Roland first argues that its declaratory judgment action should not have been dismissed because an actual controversy existed.  Reed responds that Roland's action was premature because when it was brought, Reed had not "returned the dozer and demanded his money back."  We agree with Roland.

The statutory requirement that an "actual controversy" exists is intended "merely to distinguish justiciable issues from abstract or hypothetical disputes and is not intended to prevent the resolution of concrete disputes" that lend themselves to a definitive and immediate determination of the rights of the parties.  
Alderman Drugs
, 79 Ill. App. 3d at 803-04, 398 N.E.2d at 987.  In 
Beahringer
, the supreme court explained that the existence of an "actual" controversy does not require that a wrong be committed and an injury inflicted.  Rather, an actual controversy exists when the underlying facts and issues of the case are neither moot nor premature such that they would require the trial court to "'pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events.'"  
Beahringer
, 204 Ill. 2d at 374-75, quoting 
Underground Contractors Ass'n v. City of Chicago
, 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300 (1977); 
Miller v. County of Lake
, 79 Ill. 2d 481, 487, 404 N.E.2d 222, 225 (1980); see also 
St. Joseph Hospital v. Corbetta Construction Co.
, 21 Ill. App. 3d 925, 931, 316 N.E.2d 51, 56 (1974), quoting 
Trossman v. Trossman
, 24 Ill. App. 2d 521, 531-32 (1960), quoting 26 C.J.S. 
Declaratory Judgments
 §28 (1956), in which the First District discussed the actual controversy requirement as follows:

"'"It is not essential to a proceeding for a declaratory judgment that there be a violation of a right, a breach of duty, or a wrong committed by one party against the other.  The mere existence of a cloud, the denial of a right, the assertion of an unfounded claim, the existence of conflicting claims, or the uncertainty or insecurity occasioned by new events may constitute the operative facts entitling a party to declaratory relief."'"

The case must present a concrete dispute, the resolution of which will aid in the termination of the controversy or some part thereof.  
Miller
, 79 Ill. 2d at 487, 404 N.E.2d at 225.

Reed contends that Roland's declaratory judgment action was premature because Reed had not physically returned the dozer and demanded his money back.  However, as previously stated, when reviewing a section 2-615 motion to dismiss, we view the allegations of the complaint in the light most favorable to the plaintiff.  
Beahringer
, 204 Ill. 2d at 369.  In its complaint, Roland alleged that (1) "on May 29, 2002, Reed demanded a rescission of the purchase and demanded Roland refund the entire purchase price and retake possession of the [dozer]"; and (2) Roland denied that Reed had a right to revoke acceptance of the dozer or rescind the purchase agreement.  Thus, taking the allegations in Roland's complaint as true, the parties had asserted conflicting claims of right under their purchase agreement, and a concrete dispute existed. 

Declaratory judgments are intended to allow the trial court to settle and fix the rights of the parties and provide "relief against uncertainty" 
before
 the parties change their position.  
Beahringer
, 204 Ill. 2d at 373.  In light of Reed's clear expression of intent to revoke acceptance of the dozer and Roland's position that Reed had no right to take such action, Roland need not have waited for Reed to actually physically deliver the dozer before seeking a declaration of the parties' rights under the purchase agreement.  An expression of intent by one party to take legal action against another can be the basis of an actual controversy ripe for declaratory relief.  See 
Miller
, 79 Ill. 2d at 488, 404 N.E.2d at 226 (an actual controversy existed between Glenn Miller, a member of the Lake County board, and Lake County where the parties had a continuing relationship and the Lake County State's Attorney had informed Miller's counsel of his intention to prosecute Miller); see also 
Alderman
, 79 Ill. App. 3d at 805, 398 N.E.2d at 988 ("It would make little sense to say ***" that the plaintiffs could not seek declaratory relief because they could instead terminate the contract when the very issue raised was whether the defendant could avoid certain contract provisions by forcing the plaintiffs to terminate the agreement or by terminating it itself); 
St. Joseph Hospital
, 21 Ill. App. 3d at 931, 316 N.E.2d at 56 (a justiciable controversy existed where the plaintiff's business and investment were in jeopardy; the plaintiff did not have to wait "for an even more complete disaster" to occur).

D. Declaration of Nonliability for Past Conduct

Roland next argues that the trial court erred by dismissing its complaint on the ground that it sought a declaration of nonliability for past conduct.  We agree.

The proposition that declaratory relief is not appropriate when the party requesting such relief seeks "a declaration of nonliability for past conduct" can be traced back to 
Howlett v. Scott
, 69 Ill. 2d 135, 143, 370 N.E.2d 1036, 1039 (1977).  In that case, the Attorney General had appointed a committee to consider (1) whether a conflict of interest existed when Michael Howlett accepted consulting fees from his former employer while serving as State Auditor, Secretary of State, and chairman of the Vehicle Recycling Board, and (2) whether a basis existed for a civil recovery action against him.  
Howlett
, 69 Ill. 2d at 139-40, 370 N.E.2d at 1037.  After the committee issued a report (1) finding that a conflict of interest existed during the time Howlett served as chairman of the Vehicle Recycling Board, and (2) recommending that any legal action be delayed pending two decisions of the Supreme Court of Illinois, Howlett filed his complaint for declaratory judgment, seeking a declaration that no conflict of interest existed and he was entitled to retain the payments he had received from his former employer.  
Howlett
, 69 Ill. 2d at 140-41, 370 N.E.2d at 1037-38.  The trial court denied the Attorney General's motion to dismiss Howlett's complaint.  
Howlett
, 69 Ill. 2d at 141, 370 N.E.2d at 1038.   

The supreme court reversed the trial court's judgment, upon concluding that Howlett's complaint for declaratory relief was premature.  The court explained that at the time Howlett filed his complaint, (1) no indication existed that the Attorney General intended to prosecute a constructive trust action against Howlett; and (2) the committee's report (a) expressly stated that its finding of a conflict of interest depended on two appellate court cases that were then pending before the supreme court, and (b) recommended awaiting their outcome.  
Howlett
, 69 Ill. 2d at 142, 370 N.E.2d at 1038-39.  The court stated the general principle that declaratory judgments are not appropriate in areas where the law is in a developmental state.  
Howlett
, 69 Ill. 2d at 143, 370 N.E.2d at 1039.   

The supreme court further noted that at the time of his complaint, Howlett had terminated his relationship with his former employer and whatever rights that existed were fixed.  
Howlett
, 69 Ill. 2d at 143, 370 N.E.2d at 1039.  In support, the court cited 
Cunningham Brothers, Inc. v. Bail
, 407 F.2d 1165, 1169 (7th Cir. 1969),
 for the proposition that a declaration of nonliability for past conduct is not a function of the declaratory judgment statute.  
Howlett
, 69 Ill. 2d at 143, 370 N.E.2d at 1039.

In 
Cunningham Brothers
, the plaintiff, a general contractor, filed a complaint for declaratory relief against the defendants, a company the plaintiff had hired as a masonry subcontractor and its individual employees.  The subcontractor's employees had been injured when a platform they were standing on collapsed.  
Cunningham Brothers
, 407 F.2d at 1167.

In October 1967, one of the individual defendants filed a complaint for personal injuries against the plaintiff based on the Structural Work Act (Act) (Ill. Rev. Stat. 1965, ch. 48, pars. 60 through 69).  In November 1967, the plaintiff filed its complaint for declaratory relief, seeking a declaration that (1) the plaintiff did not have charge of the work being performed by the defendants at the jobsite, within the meaning of the Act; and (2) those defendants had no cause of action against the plaintiff under the Act for any personal injuries they sustained on the date of the accident.  
Cunningham Brothers
, 407 F.2d at 1167.  

The district court dismissed the plaintiff's complaint as inappropriate for declaratory relief (
Cunningham Brothers
, 407 F.2d at 1167), and the Seventh Circuit Court of Appeals affirmed.  In so doing, the Court of Appeals reasoned as follows: 

"Regarding the individual defendants, we are of the opinion that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tort[]feasor would be a perversion of the Declaratory Judgment Act.  The primary purpose of that Act is 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.'  [Citations.]

Since it is not contended that the present action was brought to avoid damages which would accrue if a certain course of conduct were taken in the future, plaintiff must establish that this suit falls within some other purpose of the Declaratory Judgment Act."  
Cunningham Brothers
, 407 F.2d at 1167-68.

The court of appeals then held that the plaintiff had failed to demonstrate how allowing its declaratory judgment action would "'effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status[,] and other legal relations.'"  
Cunningham Brothers
, 407 F.2d at 1168, quoting 
Sears, Roebuck & Co. v. American Mutual Liability Insurance Co.
, 372 F.2d 435, 438 (7th Cir. 1967).  The court further explained its holding as follows:

"To allow a declaratory judgment action under the facts before us would be to allow a substitute for the traditional procedures for adjudicating negligence cases.  We agree with the conclusion reached in Sun Oil Co. v. Transcontinental Gas Pipe Line Corp., 108 F. Supp. 280, 282 (E.D. Pa. 1952), aff'd (adopting opinion of district court), 203 F.2d 957 (3d Cir. 1953), that 'it is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non[]lia-bility.'  

To so reverse the roles of the parties would affect more than merely the form of action, but would jeopardize those procedures which the law has traditionally provided to injured parties by which to seek judicial relief.  Although '[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate,' Rule 57, Fed. Rules Civil Proc., we hold that such relief is inappropriate in the instant case since 'more effective relief can and should be obtained by another procedure.'  [Citation.]

Although our holding may require the plaintiff here to litigate a number of lawsuits with the injured parties, we feel that this result does not outweigh the right of a personal injury plaintiff to choose the forum and the time, if at all, to assert his claim.  We agree with plaintiff that a declaratory judgment action should not be dismissed solely because a more traditional remedy is available.  ***  Since the sustaining of plaintiff's suit in the instant case would force an injured party to litigate a claim which he may not have wanted to litigate at a time which might be inconvenient to him or which might precede his determination of the full extent of his damages, and in a forum chosen by the alleged tortfeasor, we hold that the action was inappropriate for declaratory relief and was therefore properly dismissed against the individual defendants."  
Cunningham Brothers
, 407 F.2d at 1168-69.

We are simply not persuaded that Roland's declaratory judgment action seeks a declaration of nonliability for past conduct.  Rather, it appears to us that Roland seeks a declaration of its and Reed's rights under their existing contract regarding which an actual dispute exists.  The relationship between Reed and Roland had not been terminated nor were their rights under the purchase agreement fixed when Roland filed its complaint.  Roland sought to learn the consequences of future action--that is, in the event that Reed were to return the dozer (as Reed intended), would Roland be obligated to accept the dozer and refund the purchase price?  Providing the parties with certainty as to their rights under a contract is one of the purposes for declaratory judgment actions.  
Beahringer
, 204 Ill. 2d at 363-64.  Moreover, none of the concerns raised in 
Cunningham Brothers
 regarding a potential negligence defendant's pursuit of a declaration of nonliability for past conduct and the usurping of the potential negligence plaintiff's rights come into play in this case. 

Eyman
, the sole case Reed cites for support, does not require a different result.  In that case, a physician filed a declaratory judgment action against a hospital, her former employer, seeking a determination that she had properly terminated their agreement and was entitled to retain funds advanced to her as liquidated damages.  
Eyman
, 245 Ill. App. 3d at 396, 613 N.E.2d at 821.  The trial court dismissed the physician's complaint, and the appellate court affirmed, upon concluding that the plaintiff "had already embarked on a course of conduct and wanted the court to find her not liable for that conduct.  She was not seeking to learn the consequences of her actions before acting."  
Eyman
, 245 Ill. App. 3d at 396, 613 N.E.2d at 821.  

Here, unlike in 
Eyman
, Roland sought a declaratory judgment before taking any action that would materially change its circumstances and regarding a party with whom it had an ongoing contractual relationship. 

We further note that in quoting 
Eyman
, Reed includes the following passage in his appellate brief:  "a breach of contract claim is an action at law and is not a proper subject for a declaratory judgment."  
Eyman
, 245 Ill. App. 3d at 397, 613 N.E.2d at 821.  Insofar as the above-quoted statement is interpreted as "holding that a trial court may not adjudicate a claim for a declaration of rights under a contract, [it is] contrary to law."  
Illinois State Toll Highway Authority v. Amoco Oil Co.
, 336 Ill. App. 3d 300, 312, 783 N.E.2d 658, 668 (2003) (noting that the declaratory judgment statute (735 ILCS 5/2-701 (West 2000)) and numerous cases specifically permit courts to declare the rights of parties under a contract).   

III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with the views expressed herein. 

Reversed and remanded.

KNECHT and COOK, JJ., concur.