NOTICE

Decision filed 03/11/21 The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200083-U

NO. 5-20-0083

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ILLINOIS FEDERATION OF PUBLIC EMPLOYEES LOCAL 4408, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 18-CH-633 |
| ANDREW LOPINOT, as St. Clair County Treasurer; MARK KERN, as St. Clair County Board Chairman; ST. CLAIR COUNTY; ANDREW GLEESON, as Chief Judge of the Twentieth Judicial Circuit; and THE TWENTIETH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS, | ) ) ) ) ) ) ) ) | |
| | ) ) | Honorable Todd D. Lambert, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in granting a judgment on the pleadings in favor of county, county board, and county treasurer on probation officers' union's complaint for a writ of *mandamus* and a declaratory judgment, as well as a permanent injunction, to compel county, as most populous county in the judicial circuit, to budget for and directly pay the salaries, health insurance premiums, and other benefits of probation officers assigned to other counties in the circuit, and subsequently seek reimbursement from those counties, despite its past practice of doing so, because the Probation and Probation Officers Act (730 ILCS 110/0.01 *et seq.* (West 2018)) does not require such actions on the part of the most populous county in the circuit.

1

¶ 2    The plaintiff, Illinois Federation of Public Employees Local 4408 (Union), appeals the November 14, 2019, order of the circuit court of St. Clair County, which granted the motion for judgment on the pleadings filed by the defendants, St. Clair County Treasurer Andrew Lopinot, St. Clair County Board Chairman Mark Kern, and St. Clair County (St. Clair County),[1] as to the plaintiff's complaint for a declaratory judgment, a writ of *mandamus*, and application for a permanent injunction requiring St. Clair County to budget for and directly pay the salaries, health insurance premiums, and other benefits of all probation officers in the circuit, including those assigned to other counties within the circuit. For the following reasons, we affirm.

¶ 3                                         BACKGROUND

¶ 4    On December 12, 2018, the Union filed an amended complaint and application for temporary restraining order, preliminary injunction, and permanent injunction against St. Clair County in the circuit court of St. Clair County. According to the complaint, the counties of the Twentieth Judicial Circuit, which includes the counties of St. Clair, Randolph, Monroe, Washington, and Perry, entered into an agreement to operate as a shared probation district pursuant to section 15 of the Probation and Probation Officers Act (Act) (730 ILCS 110/15 (West 2018)). The complaint alleges that prior to 2019, St. Clair County included in its budget and directly paid the salaries, health insurance premiums, and other benefits for all the probation officers in the circuit. Each year, the other counties in the district reimbursed St. Clair County for the salaries, health insurance, and other benefits of the probation officers assigned to those counties.

¶ 5    According to the complaint, on November 26, 2018, the St. Clair County Board passed a 2019 budget which "stripped funding for *** probation officers that work in Randolph, Monroe,

---

[1]Andrew Gleeson, as Chief Judge of the Twentieth Judicial Circuit, and the Twentieth Judicial Circuit of the State of Illinois were also named as defendants in the Union's complaint. However, they were not signatories to the motion for judgment on the pleadings, and they are not parties to this appeal.

Washington, and Perry counties (the Affected Members)," thus preventing the St. Clair County Treasurer from paying the salaries, health insurance premiums, and other benefits of these probation officers. Count I of the complaint requested a temporary restraining order preventing St. Clair County from proceeding with the portion of the 2019 budget that terminated the paying of the salaries, health insurance premiums, and other benefits of the Affected Members. Count II requested a preliminary injunction staying enactment of that portion of the budget and ordering the payment of all salaries, health insurance premiums, and other benefits under 2018 budget levels until the resolution of this case. Count III sought a writ of *mandamus* compelling the St. Clair County Treasurer to continue paying the salaries, health insurance premiums, and other benefits of the Affected Members "from the funds he holds in trust for the outlying [c]ounties." Count IV sought a declaratory judgment that the St. Clair County Treasurer is required to pay the salaries, health insurance premiums, and other benefits of the Affected Members.

¶ 6    The Union attached a collective bargaining agreement between the Union and the Chief Judge of the Twentieth Circuit, in effect from January 1, 2018, until December 31, 2018, to its complaint. See *Orenic v. Illinois State Labor Relations Board*, 127 Ill. 2d 453, 485 (1989) (while the county boards are needed to approve the salaries of court employees, the chief judges are to be considered the employer of such employees for the purposes of collective bargaining). In addition, the Union attached correspondence showing that the other counties reimbursed the St. Clair County Treasurer for their shares of the salaries, health insurance premiums, and other benefits of the probation officers in 2018.

¶ 7    Following the filing of the complaint, the circuit court entered a temporary restraining order as requested by the Union, requiring St. Clair County to pay all the probation officers' salaries, health insurance premiums, and other benefits until such time as a hearing could be held on the

3

petition for a preliminary injunction. On December 21, 2018, the Illinois Supreme Court entered an order requiring the Chief Judge of the First Judicial Circuit to assign a judge from that circuit to hear the case. Thereafter, on January 11, 2019, the Honorable Todd D. Lambert entered an order, by the agreement of the parties, granting a preliminary injunction requiring St. Clair County to pay all salaries, health insurance premiums, and other benefits to the Affected Employees at 2018 levels until the merits of the Union's complaint could be determined.

¶ 8 On May 31, 2019, St. Clair County filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2018)). In the motion, St. Clair County argued that the Union is not entitled to the relief sought in its complaint because, despite its past practice, there is no legal requirement that it pay the salaries and benefits to the Affected Members because the Affected Members are not assigned to St. Clair County. Having considered the briefing and arguments of the parties, the circuit court entered an order on November 14, 2019, granting St. Clair County's motion for judgment on the pleadings. On November 19, 2019, the Union filed a motion for rehearing pursuant to section 2-1203 of the Code (*id.* § 2-1203). On January 23, 2020, the circuit court entered an order denying the Union's motion for rehearing. On April 3, 2020, this court entered an order allowing the Union to file a late notice of appeal.

¶ 9 ANALYSIS

¶ 10 The well-established standard of review for an order granting judgment on the pleadings has been set forth by our supreme court as follows:

"Judgment on the pleadings is proper only where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.] In ruling on a motion for judgment on the pleadings, only those facts apparent from the face of the

4

pleadings, matters subject to judicial notice, and judicial admissions in the record may be considered. All well-pleaded facts and all reasonable inferences from those facts are taken as true. [Citation.] Our review is *de novo*. [Citation.]" *M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center*, 198 Ill. 2d 249, 255 (2001).

¶ 11 Here, the Union requests a declaratory judgment and a writ of *mandamus* requiring that St. Clair County pay the salaries, health insurance premiums, and other benefits of the Affected Members, who are probation officers assigned to the other counties in the circuit. The responsibility for the payment of probation officers is set forth in the Act. 730 ILCS 110/0.01 *et seq.* (West 2018). Pursuant to section 9b(3) of the Act (*id.* § 9b(3)), "probation officers are judicial employees designated on a circuit wide or county basis and compensated by the appropriate county board or boards." Pursuant to section 14 of the Act (*id.* § 14), "[t]he amount of compensation to be paid any *** probation officer *** shall be determined by the county boards of the several counties in which such officers, respectively, are appointed, and shall be paid by the county treasurer on the warrant of the county comptroller or other person authorized to issue warrants on the county treasurer ***."

¶ 12 Here, the Union does not dispute the fact that the probation officers of the Affected Members are designated on a county basis as opposed to a circuit-wide basis. In fact, the Union defines the "Affected Members" as those probation officers assigned to Randolph, Monroe, Washington, and Perry Counties. As such, section 14 of the Act (*id.*) requires that the county treasurer of the county in which the officer is appointed pay the compensation of those probation officers. Accordingly, although for many years St. Clair County has paid the compensation for the probation officers assigned to the other counties, and then has been reimbursed by the other counties, the Act does not require St. Clair County to do so.

5

¶ 13    The Union argues that section 15 of the Act (*id.* § 15) supports its position because St. Clair County, as the most populous county in the circuit, is given responsibility for facilitating reimbursement to the counties from the Illinois Supreme Court Division of Probation Services (Division). Section 15(4) of the Act (*id.* § 15(4)) provides that the Division shall reimburse the counties for probation services as set forth in that section. To receive such reimbursement, section 15(9) (*id.* § 15(9)) requires that, before the fifteenth of each month, the treasurer of any county that has a probation department, or the treasurer of the most populous county, in the case of a probation department funded by more than one county, submit an itemized statement of all approved costs incurred. That section provides that the Division then forwards the approved costs to the comptroller for payment to the county treasurer. *Id.* Section 15(9) of the Act further provides as follows:

> "In the case of payment to a treasurer of a county which is the most populous of counties sharing the salary and expenses of a Probation and Court Services Department, the treasurer shall divide the money between the counties in a manner that reflects each county's share of the cost incurred by the Department." *Id.*

¶ 14    Our review of the language of section 15 reveals no requirement that the most populous county in the circuit compensate probation officers designated for the other counties in the circuit. The scope of section 15 is limited to the method a probation services district uses to process requests for reimbursement from the Division, and in no way governs the method the counties use to compensate their probation officers in the first instance. Moreover, with regards to benefits, section 15(11) makes clear that the respective counties shall be responsible for fringe benefits. *Id.* § 15(11). For these reasons, we find that the Union has failed to identify a tangible legal interest the Affected Members have in receiving compensation and benefits directly from St. Clair County

6

as required to sustain a declaratory judgment action. See *Roland Machinery Co. v. Reed*, 339 Ill. App. 3d 1093, 1097 (2003). Similarly, the Union has failed to establish that the Affected Members have a clear, affirmative right to such compensation and benefits from St. Clair County as required to establish a claim for a writ of *mandamus*. See *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999).

¶ 15    The Union argues that the payment method set forth in the Act for the payment of probation officers violates the separation of powers doctrine because it hinders the chief judge's ability to administer the probation department. We disagree. Whether the money to pay the compensation for probation officers comes from St. Clair County or another county, the Act requires the compensation of such officers as the chief judge warrants and provides for reimbursement by the Division as set forth above. All other authority with respect to the supervision of the officers remains with the chief judge. In fact, in *Orenic v. Illinois State Labor Relations Board*, 127 Ill. 2d 453, 476 (1989), the primary case on which the Union relies to advance its separation of powers argument, the court found that the fact that the county pays the salaries of nonjudicial employees of the judicial branch does not violate separation of powers, so long as the counties are "entitled to no other role in regard to the courts' nonjudicial employees that might arguably be considered the role of joint employer." This system set forth in the Act thus comports with separation of powers principles.

¶ 16    Finally, we note that the circuit court made a finding in its order granting judgment on the pleadings that "no part of the Act, *nor any other law* or judicial decision, requires the payment structure currently in place in the Twentieth Judicial Circuit for payment of Affected Members' salary and fringe benefits." (Emphasis added.) Section 6-5(2) of the Juvenile Court Act of 1987 (705 ILCS 405/6-5(2) (West 2018)) specifically addresses the payment of compensation and expenses to juvenile probation officers working within a probation district. Neither party

7

presented, considered, nor reconciled the language in section 6-5(2) with the language of the Probation and Probation Officers Act, the facts alleged, or the requested relief in the Union's amended complaint. As such, the trial court's finding is plausible but potentially specious.

¶ 17                                      CONCLUSION

¶ 18    For the foregoing reasons, we affirm the November 14, 2019, order of the circuit court of St. Clair County, which granted the motion for judgment on the pleadings filed by St. Clair County.

¶ 19    Affirmed.