2023 IL App (1st) 220908-U

FIRST DISTRICT,
FIRST DIVISION
July 17, 2023

No. 1-22-0908

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

|  |  |  |
|---|---|---|
| PURE'S FOOD SPECIALTIES, LLC, | ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2020 M5 1470 |
| FOX VENDING, INC., | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) ) ) | Kathleen M. Burke, Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The judgment of the trial court denying defendant's motion to dismiss is reversed where plaintiff's complaint for declaratory judgment is moot. The subsequent orders granting judgment on the pleadings and attorney fees in favor of plaintiff are vacated.

¶ 2    On March 1, 2017, plaintiff Pure's Food Specialties, LLC (Pure's) and defendant Fox Vending, Inc. (Fox) entered into an agreement for defendant to provide vending machine equipment and services in plaintiff's employee cafeteria for an initial term of 36 months. The

agreement would automatically renew for an additional 36 months at the end of the initial term, absent notice of intent to non-renew or terminate the agreement by either party. On November 26, 2019, plaintiff sent a termination letter to defendant via email. Defendant refused to accept plaintiff's notice of termination because it was not sent via certified mail (as required by the agreement) and considered the agreement to have renewed.

¶ 3        On February 26, 2020, plaintiff filed a complaint for declaratory judgment, seeking a declaration that the agreement "expired on March 1, 2020, as a result of [defendant's] actual receipt of written notice of termination ***," the removal of defendant's vending equipment, and attorney fees. Defendant removed its vending equipment two days after the complaint was filed. Defendant moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 2-619(a)(9) (West 2020)), arguing that the action is moot because defendant removed its vending equipment, allowing the agreement to terminate. The trial court denied defendant's motion to dismiss.

¶ 4        The parties filed cross-motions for judgment on the pleadings. The trial court granted plaintiff's motion, denied defendant's motion, and granted plaintiff's petition for attorney fees. On appeal, defendant argues that the trial court erred in denying its motion to dismiss because the removal of its vending equipment rendered plaintiff's complaint moot. For the following reasons, we reverse in part and vacate in part.

¶ 5                                    BACKGROUND

¶ 6        The record on appeal does not contain a report of proceedings. The following background is adduced from our review of the common law record. Plaintiff is a cookie and baked snacks manufacturer. Defendant supplies and services vending machine equipment. On March 1, 2017, the parties entered into a "Service Location Agreement" (agreement), providing that defendant

would install and service vending equipment in plaintiff's employee cafeteria. Plaintiff granted defendant the "exclusive right to maintain all automatic vending machines in the premises."

¶ 7        Section 7 of the agreement provides that the agreement's initial term is 36 months and "shall renew itself automatically for like periods, and the same terms and conditions, unless either party first gives the other written notice, sent by Certified Mail, of its intention to 'non-renew' said AGREEMENT, prior to sixty (60) days of the expiration" of the agreement. Section 8 gives "[e]ither party *** the right to terminate this Agreement immediately upon written notice to the other party," under certain circumstances. One of those circumstances being: "At the conclusion of the initial term of 36 months and in absence of a new agreement, the LOCATION shall have the right to terminate this agreement for any reason upon 90 days prior written notice." The agreement further provides that "[t]he prevailing party in any action filed related to this AGREEMENT shall be entitled to recover its costs and expenses from the other party, including, without limitation, reasonable attorney fees."

¶ 8        As plaintiff's workforce grew, it became "dissatisfied" with defendant's inventory, stocking, maintenance, and customer service. On November 26, 2019, plaintiff sent defendant a "termination letter" via email, stating, "[P]lease allow this letter to serve as a termination of the contract ending on March 1, 2020." Plaintiff also requested that defendant "finalize the details regarding vending removal."

¶ 9        In response, defendant's President, Jennifer Fox, requested a meeting to discuss the issue. Plaintiff responded that "the decision has been made to move forward with another vendor," and asked defendant to coordinate the pickup of the vending machines. On December 9, 2019, representatives of both parties met to discuss the matter.

¶ 10          On February 12, 2020, plaintiff asked defendant for a "target date for the removal of [its] equipment." On February 13, 2020, defendant sent a letter via email to plaintiff, indicating that "[b]ecause Fox Vending never received the required notice of cancellation[,] the machines will remain in place." Quoting section 7 of the agreement, defendant maintained that plaintiff needed to "give written notice via Certified Mail, prior to sixty days of the expiration of said agreement," and that because it did not receive adequate notice of non-renewal, it considered the agreement to be renewed "through February 2023."

¶ 11          On February 26, 2020, plaintiff filed a complaint for declaratory judgment, seeking a declaration that the agreement "expired on March 1, 2020, as a result of [defendant's] actual receipt of written notice of termination on November 26, 2019 ***." Plaintiff also requested that the court direct defendant to remove its vending equipment because plaintiff "executed a vending services contract with a new vending provider" and "[defendant] has refused to confirm it will remove its Vending Equipment." Plaintiff alleged that the parties had "adverse, legal tangible interest in the current state of the Agreement" and that requiring it "to be bound by the Agreement for an additional three (3) year term would cause Pure's to suffer an undue hardship, by subjecting [it] to *** continued substandard servicing and other performance deficiencies ***."[1]

¶ 12          On August 26, 2020,[2] defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)), arguing that plaintiff's

---

[1] Plaintiff attached various email correspondence between the parties to its complaint, including: the November 26, 2019 termination letter; emails between Ms. Fox and plaintiff's representative following receipt of the termination letter; plaintiff's February 12, 2020 email requesting a "target date" for the equipment's removal; and defendant's February 13, 2020 letter in response.

[2] On June 10, 2020, plaintiff filed a motion for order of default against defendant. On August 4, 2020, defendant moved to file its appearance and vacate any and all technical defaults. The trial court's rulings on these motions are not in the record on appeal.

action for declaratory judgment was "premature" since the agreement "had not yet expired and Fox was required to remove its vending equipment from Plaintiff's property on March 1, 2020." Defendant also argued that the action was moot because following the removal of the vending equipment, it was "impossible for Pure's to be contractually bound to an additional three year term ***." Therefore, the agreement "expired by its own terms *** and substantive claims relating to the parties' Agreement requiring adjudication by this court no longer exist." Defendant asserted that it was entitled to attorney fees as the prevailing party if it prevailed on its motion. In support of the motion, defendant attached a February 28, 2020 email from plaintiff's counsel stating, "I am advised that notwithstanding Pure's offer to allow the vending equipment to remain in place through March 1, the equipment will be picked up today. I am glad that at least one component of this dispute was able to be resolved amicably." Counsel also informed defendant that plaintiff's complaint was "presently out for service on [its] registered agent."

¶ 13    In response, plaintiff argued that the action was not premature because plaintiff was not obligated to, "at its peril, expose itself to injury by waiting for the Agreement to renew." Plaintiff also argued that the removal of the vending equipment did not moot the action because its complaint also sought "an adjudication of whether it properly terminated the Agreement," and the removal of the equipment "does not foreclose any potential claims of damages for breach of contract by [defendant]." Relying on *Kern v. Chicago & Eastern Illinois Railroad Co.*, 44 Ill. App. 2d 469 (1963), plaintiff also asserted that the action was not moot because "there is no indication that [defendant] would have removed its equipment in the absence of [plaintiff's] complaint," and defendant "still vigorously argues that it considers [plaintiff's] termination improper and that it had no obligation to remove its equipment."[3]

---

[3] Defendant did not file a reply.

¶ 14    On December 1, 2020, the trial court denied defendant's motion to dismiss. Defendant filed its answer on March 10, 2021.

¶ 15    On March 29, 2021, defendant filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code (735 ILCS 5/2-615), arguing, *inter alia*, that plaintiff's termination letter was ineffective notice of intent to "non-renew" the agreement because it was not sent via certified mail. Defendant also asserted that plaintiff's termination letter was "sent prematurely before the conclusion of the initial term of 36 months." In a footnote, defendant reasserted that "Plaintiff's complaint became moot the moment Fox removed its machines thereby permitting another commercial vendor to utilize the space of Plaintiff."

¶ 16    On April 19, 2021, plaintiff filed a combined response to defendant's motion, and a cross-motion for judgment on the pleadings. Plaintiff argued that defendant received "actual notice" of plaintiff's intent not to renew the agreement, and that it sent proper notice of termination more than 90 days prior to the end initial contract term. Plaintiff also responded to the mootness argument, asserting that defendant "still vigorously argues that it considers [plaintiff's] termination improper."

¶ 17    On September 22, 2021, following full briefing and oral argument on the parties' cross-motions for judgment on the pleadings, the trial court denied defendant's motion and granted plaintiff's motion for "the reasons stated on the record."

¶ 18    On October 13, 2021, plaintiff filed a petition for attorney fees.[4] Defendant filed a motion for an evidentiary hearing on the fee petition, which was granted, and an evidentiary hearing was held on May 5, 2022. On May 18, 2022, the trial court entered a final order granting plaintiff's fee petition and awarding plaintiff $46,741.89 in attorney fees and costs.

---

[4] Defendant filed a response to plaintiff's fee petition, but it is not in the record on appeal.

¶ 19                                                    ANALYSIS

¶ 20         On appeal, defendant argues that the trial court erred in denying its motion to dismiss because plaintiff's claim is moot. Section 2-619(a)(9) of the Code permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts that an affirmative defense or other matter defeats the plaintiff's claim. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). When ruling on a section 2-619 motion to dismiss, the court " 'must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party.' " *Id.* at 367-68 (quoting *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997)). We review the trial court's ruling on a section 2-619 motion to dismiss *de novo*. *Id.* at 368.

¶ 21                                          Sufficiency of the Record

¶ 22         Initially, plaintiff argues that we must affirm the judgment of the trial court because the record on appeal does not contain a report of proceedings, certified bystander's report, or agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) (if no report of proceedings is available, appellant may prepare a bystander's report or agreed statement of facts). It is well established that the appellant has the burden to present a sufficiently complete record of the proceedings below to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a sufficient record on appeal, "it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Id.* at 392. Any doubts arising from the incomplete record will be construed against the appellant. *Lytle v. Country Mutual Insurance Co.*, 2015 IL App (1st) 142169, ¶ 28 (citing *Foutch*, 99 Ill. 2d at 392).

¶ 23        However, "whether there is an affirmative matter defeating a claim [is a] question[ ] of law that we review *de novo*, without showing deference to the trial court's reasoning." *Bezanis v. Fox Waterway Agency*, 2012 IL App (2d) 100948, ¶ 11. Since our review is *de novo* and because we have the benefit of reviewing defendant's motion to dismiss and plaintiff's response, the absence of a report of proceedings does not preclude our review of defendant's claim of error. See *Midstate Siding Window Co., Inc. v. Rogers*, 204 Ill. 2d 314, 319 (2003) (the "lack of a complete record" did not bar the court's review because the issue on appeal was a question of law); see also *Candice Co., Inc. v. Ricketts*, 281 Ill. App. 3d 359, 362 (1996) (considering issues raised on appeal absent a report of proceedings because the report of proceedings "would contain only the arguments of counsel and the remarks of the judge, none of which would be controlling in our determination of a question of law").

¶ 24                                         Mootness

¶ 25        "The declaratory judgment procedure allows the court to take hold of a controversy one step sooner than normally—that is, after the dispute has arisen, but before steps are taken which give rise to claims for damages or other relief. The parties to the dispute can learn the consequences of their action before acting." (Internal quotation marks omitted.) *Beahringer v. Page*, 204 Ill. 2d 363, 372-73 (2003); see 735 ILCS 5/2-701(a) (West 2020). A declaratory judgment action "determine[s] the rights of the parties so that the plaintiff can alter his future conduct to avoid liability." *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 348 (2004). An action for declaratory judgment requires: (1) a plaintiff with a tangible legal interest, (2) a defendant with an opposing legal interest, and (3) an "actual controversy" between the parties concerning such interests. *Id.* at 372.

¶ 26    An "actual controversy" "requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977). "The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." *Id.* A case is moot "if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." *Wheatley v. Board of Education of Township High School Dist. 205*, 99 Ill. 2d 481, 485 (1984). In other words, a case is considered moot where the plaintiff "secured what he basically sought and a resolution of the issues could not have any practical effect on the existing controversy." *Hanna v. City of Chicago*, 382 Ill. App. 3d 672, 676 (2008) (citing *People ex rel. Newdelman v. Weaver*, 50 Ill. 2d 237, 241 (1972)).

¶ 27    Defendant argues that this case is moot because the removal of its vending equipment "allowed the thirty-six month contract term to expire" and "rendered it impossible for the trial court to grant effectual relief as to any future contract obligations and rights under the contract." Plaintiff sought (1) a declaration that the agreement "expired on March 1, 2020, as a result of [defendant's] actual receipt of written notice of termination on November 26, 2019 *** " (2) the removal of defendant's vending equipment from its premises so it could effectuate its contract with a new vendor, and (3) attorney fees. The parties do not dispute that the agreement terminated at the end of the initial 36-month term. While defendant initially claimed that the agreement renewed, defendant removed its vending equipment from plaintiff's premises on February 28, 2020, allowing the agreement to terminate. At that point, defendant could no longer

enforce a renewed contract term against plaintiff. Therefore, plaintiff "secured basically what [it] sought" and a declaration that plaintiff properly terminated the agreement "could not have any practical effect on the existing controversy." See *id*.

¶ 28     In *Wheatley*, 99 Ill. 2d at 483, the plaintiffs filed a class action lawsuit on behalf of themselves and 57 other teachers who were discharged by the Board of Education. The plaintiffs requested a writ of *mandamus* directing the Board to rescind the dismissals and a declaratory judgment that the Board violated a section of the School Code by dismissing them without holding a public hearing. *Id.* The trial court dismissed the complaint as moot because "all but five of the honorably dismissed tenured teachers were either reemployed or offered, but refused, reemployment by the Board." *Id.* at 484. The appellate court reversed, finding that the issues were not moot as to the teachers who were not offered reemployment. *Id.* Our supreme court disagreed, holding that the action was moot because "one month after this action was filed, the named representative plaintiffs accepted the Board's offer of employment." *Id.* "By virtue of accepting employment, [plaintiffs] were granted the essential relief demanded," and there "is no longer a controversy between them and the Board." *Id.*

¶ 29     Similarly, here, plaintiff received the "essential relief demanded": defendant's vending equipment was removed, the agreement was terminated, and plaintiff was free to proceed with its contract with a new vending service provider. Plaintiff attempts to distinguish *Wheatley*, arguing that its complaint "does not merely seek the removal of [defendant's] Equipment, but also (1) a declaration the Contract's operative term ended on March 1, 2020, and (2) an award of attorneys' fees and costs." However, defendant does not dispute that the agreement terminated at the end of the initial term. And plaintiff's request for attorney fees is " 'ancillary to the underlying action' "

and "does not rescue the moot claim[ ]." See *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. 3d 778, 782-83 (1999).

¶ 30    Plaintiff predominately relies on the state of the controversy *before* defendant removed the equipment, arguing that the case is not moot because defendant "threatened to enforce the Contract for an additional 3-year term and sue [plaintiff] to enforce the additional 3-year term." Specifically, plaintiff relies on a February 24, 2020 email from defendant's counsel, stating, "Should you advise Pure's Food to move or remove the equipment of Fox or otherwise dishonor the exclusive service contract that was bargained for by allowing a competitor of Fox to provide vending services, then do so at your own peril."[5] While "[a]n expression of intent by one party to take legal action against another can be the basis of an actual controversy *ripe* for declaratory relief" (emphasis added) (*Roland Machine Co. v. Reed*, 339 Ill. App. 3d 1093, 1095 (2003)), plaintiff ignores that defendant removed its vending equipment four days after this email was sent. The fact that plaintiff's complaint may have presented an actual controversy when initially filed does not prevent the court from finding that the claim has become moot. See, *e.g.*, *Wheatley*, 99 Ill. 2d at 485; *Yu v. International Business Machines Corp.*, 314 Ill. App. 3d 892, 898 (2000) (case properly dismissed as moot because "[o]nce defendants tendered the requested relief to plaintiff ***, there was no longer a case or controversy").

¶ 31    Plaintiff further asserts that because defendant "never assented to [plaintiff's] termination of the Contract, *** [defendant], absent the circuit court's ruling, *could have* pursued a breach-of-contract action" against plaintiff. (Emphasis added.) "A declaratory judgment action is not intended to permit moot or hypothetical cases, or to enable the parties to secure advisory opinions or legal advice from the court with respect to anticipated future difficulties ***."

---

[5] This email was attached to defendant's answer.

(Internal quotation marks omitted.) *Byer Clinic & Chiropractic, Ltd. v. State Farm Fire & Casualty Co.*, 2013 IL App (1st) 113038, ¶ 17. The only practical effect of determining whether plaintiff properly terminated the agreement would amount to an advisory opinion as to a potential breach of contract claim that has not been asserted by defendant. See *Balmoral Racing Club, Inc. v. Illinois Racing Board*, 151 Ill. 2d 367, 387 (1992) ("Where a decision reached on the merits cannot result in appropriate relief to the prevailing party, the court has, in effect, rendered an advisory opinion. *** We do not review cases merely to guide future litigation or to set precedent."); see also *HealthChicago, Inc. v. Touche, Ross and Co.*, 252 Ill. App. 3d 608, 610 (1993) ("When a case is rendered moot, a court's decision on the merits cannot afford either party relief and any decision thus reached is merely an advisory opinion.").

¶ 32        Plaintiff relies extensively on *Kern v. Chicago & Eastern Illinois Railroad Co.*, 44 Ill. App. 2d 468 (1963), to support its argument that this case is not moot. In *Kern*, a class of stockholders sued a corporation and its board members for declaratory judgment, alleging that defendants adopted a bylaw that would dilute the stockholders' voting rights. *Id.* at 470. The defendants revoked the offending bylaw two days after the lawsuit was filed. *Id.* The defendants argued that revoking the bylaw mooted the case, but still maintained that the bylaw was valid. *Id.*

¶ 33        The court considered four factors to determine whether the case was moot: (1) defendant's continued assertion of the legality of the discontinued acts; (2) defendant's discontinuance of the acts before or after the institution of the suit; (3) defendant's motive or intent in discontinuing the acts; and (4) the public interest in having the particular issue determined. *Id.* at 475. Based on the defendants' continued assertion of the validity of the bylaw and the fact that it was revoked only two days after the lawsuit was filed, the court concluded that it was the defendants' "intent at some opportune time to repeal the bylaw." *Id.* at 476. There

was also a "wide general [public] interest in the stability of preferred stock" in the large public service corporation. *Id.* The court held that the mootness doctrine "will not be applied where it is apparent that the controversy is a genuine one concerning valuable rights and where the party defending maintains that it still has the power to annul those rights and to *recreate the condition as it existed at the time the litigation was commenced*." (Emphasis added.) *Id.* at 478.

¶ 34     Unlike the defendants in *Kern*, defendant in this case cannot "recreate the condition as it existed" when the action was filed (*i.e.,* by reinstalling its vending equipment and holding plaintiff to a renewed 36-month contract term), because the agreement indisputably terminated. In addition, *Kern* dealt with an issue of "wide general [public] interest," which is inapplicable here. The "power of the defendants to dilute the voting powers of the Class A stock distinguishes" *Kern* from "cases of ordinary mootness," such as here, "where an event makes the subject matter of an issue no longer controversial ***." *Id.* at 471.

¶ 35     The remaining relief sought by plaintiff, *i.e.*, a declaration that it properly terminated the agreement, is inconsistent with the purpose of a declaratory judgment action: to "provide 'relief against uncertainty' *before* the parties change their position" (emphasis in original) (*Roland*, 339 Ill. App. 3d at 1099), and "determine the rights of the parties so that the plaintiff can alter his future conduct to *avoid liability*" (emphasis added) (*Adkins*, 347 Ill. App. 3d at 378-79). There is no future conduct for the parties to alter to avoid liability, as the parties' contractual relationship ended, and plaintiff contracted with a new vending service provider. Compare *Karimi v. 401 North Wabash Venture, LLC*, 2011 IL App (1st) 102670, ¶ 10 (affirming dismissal of declaratory judgment action where "defendants ha[d] already terminated the purchase agreement and sold the unit to a third party," so plaintiffs were improperly seeking to enforce their rights "after the fact") with *Roland*, 339 Ill. App. 3d at 1102 (declaratory judgment action proper where

contractual relationship between the parties "had not been terminated nor were the rights under the purchase agreement fixed").

¶ 36       Because we find that defendant's motion to dismiss should have been granted on mootness grounds, we need not address defendant's alternative argument that plaintiff's complaint seeks an impermissible declaration of nonliability for past conduct.

¶ 37       For all of these reasons, we reverse the trial court's judgment denying defendant's motion to dismiss. Accordingly, the trial court's order granting plaintiff's motion for judgment on the pleadings is vacated.

¶ 38                                    Attorney Fees

¶ 39       Defendant argues that the trial court's award of attorney fees to plaintiff must be vacated, and that attorney fees should be awarded to defendant as the "prevailing party." Illinois follows the "American rule," which prohibits parties from recovering attorney fees from the losing party, unless a statutory or contractual provision provides otherwise. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64. We must "strictly construe a contractual provision for attorney fees." *Bright Horizons Children's Centers, LLC v. Riverway Midwest II, LLC*, 403 Ill. App. 3d 234, 254 (2010). We review the trial court's attorney fee award for an abuse of discretion. *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511, 515 (2001).

¶ 40       A "prevailing party" for the purposes of awarding attorney fees is "one that is successful on a significant issue and achieves some benefit in bringing suit." *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 280 (2001). A party that receives "judgment in his favor is usually considered the prevailing party." *Id.* "However, when both parties have experienced success on various aspects of the litigation, it may be appropriate to find that neither party is the

prevailing party." *Tanna Farms, L.L.C. v. Golfvisions Management, Inc.*, 2018 IL App (2d) 170904, ¶ 13 (citing *Peleton, Inc. v. McGivern's Inc.*, 375 Ill. App. 3d 222, 227-28 (2007)).

¶ 41    Plaintiff received "some benefit" in bringing the suit because it received the essential relief requested through the removal of defendant's vending equipment.[6] However, defendant has now prevailed on its motion to dismiss. Because both parties "achieved success on some issues," neither party is the "prevailing party." See, *e.g.*, *Tanna Farms*, *L.L.C.*, 2018 IL App (2d) 170904, ¶¶ 15-16 (neither party was the "prevailing party" where plaintiff voluntarily dismissed its claim with prejudice, but plaintiff "had already achieved success on most of its claims as a result of the litigation. After the plaintiff filed suit, the defendant paid the past-due rent and real estate taxes that the plaintiff claimed were due.").

¶ 42                                    CONCLUSION

¶ 43    For the foregoing reasons, we reverse the denial of defendant's motion to dismiss and vacate the orders granting plaintiff's motion for judgment on the pleadings and petition for attorney fees.

¶ 44    Reversed in part; vacated in part.

---

[6] Relying on *Buckhannon Board & Home Care, Inc.*, 532 U.S. 598, 605 (2001) and *Bruemmer v. Compaq Computer Corp.*, 329 Ill. App. 3d 755, 768 (2002), defendant argues that a prevailing party must " 'secure either a judgment on the merits or a court-ordered consent decree.' " Defendant has waived this argument by raising it for the first time in its reply brief. See Ill. S. Ct. R. 341 (h)(7) (eff. Oct. 1, 2020). In any event, *Buckhannon* and *Bruemmer* construed federal statutory fee-shifting provisions, and not a contractual fee-shifting provision between two private entities under Illinois law.